HALL, Judge.
A fire originating in a part of a building leased to M. J. Captain, d/b/a Abbott Sign Company, caused damage to the contents of another part of the building leased to Ed Trickett, Sr., d/b/a Trickett’s Furniture Company, and to the building itself owned by Fred Neckley. Hartford Fire Insurance Company and Reliance Insurance Company, as fire insurers and subro-gees of Trickett, brought suit against Captain seeking to recover the sums of $3,602.-91 and $5,404.36 paid by the insurance companies respectively to Trickett under their fire insurance policies. A separate suit was filed against Captain by Aetna Casualty & Surety Company, American Employers Insurance Company, Hanover Insurance Company, Maryland Casualty Company, National Fire Insurance Company, St. Paul Fire & Marine Insurance Company, Travelers Insurance Company and United States Fidelity & Guaranty Company, fire insurers and subrogees of Neckley, for the total amount of $9,443 paid by them to Neckley under their fire insurance policies.
The parties stipulated that the sole issue before the district court was whether the fire was caused by the negligence of defendant or his employees and that should defendant be found negligent, judgment should be granted in favor of the plaintiffs in the amounts prayed for. The two suits were consolidated for trial.
After trial the district court held plaintiffs failed to bear their burden of proving the fire was. caused by the negligence of defendant or his employees and judgments were rendered rejecting all plaintiffs’ demands. All plaintiffs appealed. We affirm the judgments of the district court.
*823 The ground floor of the building was occupied by defendant • who operated a sign business. On June 1, 1971, sometime around 9:00 a. m. a fire started on the floor of the shop area near a cabinet where some paints and inks were stored. Two of defendant’s employees, Ron Berry and Mike Free, were working in the shop area when the fire broke out. Captain rushed into the room and he and Free fought the fire with fire extinguishers while Berry went to assist in calling the fire department and directing them to the scene. The fire was extinguished by the fire department after its arrival but only after considerable damage was done.
Plaintiffs’ primary contention of negligence is that the fire was caused by a spark emitted from an electric drill being used by the employee Berry, igniting highly inflammable and combustible materials present in the shop area. Plaintiffs emphasize the extraordinary duty of care the law places on persons dealing with combustible and highly inflammable substances. Plaintiffs further rely on the “most plausible cause” rule enunciated by the Louisiana Supreme Court in the recent case of Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972), and on the doctrine of res ipsa loquitur.
One who handles or works with inherently dangerous substances is held to a high degree or an extraordinary degree of care. Roberie v. Sinclair Refining Company, 252 So.2d 488 (La.App.3d Cir. 1971); Waters v. Southern Farm Bureau Casualty Insurance Company, 212 So.2d 487 (La.App.3d Cir. 1968); Normand v. Normand, 65 So.2d 914 (La.App.2d Cir. 1953). The degree of care required is necessarily related to the degree of danger inherent in the substance. Although the evidence in this case discloses that some of the substances used by defendant were of an inflammable nature and would catch fire under the right circumstances, the evidence does not show that the substances were highly inflammable or highly dangerous. In any event, the evidence is abundant that defendant, as a standard practice, exercised a high degree of care in the operation of his shop and in handling the various paints, inks and solvents used in his business. The bulk of inflammable materials were kept in a shed outside the building with only a relatively small daily supply being kept inside the building. The daily supply was kept in metal containers and covered at all times. There is abundant testimony including that of a fire inspector for the City of Shreveport that the defendant maintained a very neat, orderly and safe business establishment.
Plaintiffs’ theory that the cause of the fire was a spark thrown from the drill igniting some inflammable substance is based primarily on the testimony of Captain Bobby N. Brooks, a fire inspector with the Shreveport Fire Department who was on the scene as the fire was being extinguished. Brooks testified that Berry told him at the scene that he, Berry, was using a drill and that a spark from the drill caught some paint thinner on fire. From his investigation Brooks ruled out spontaneous combustion, smoking, and an electrical short or malfunction as possible causes.
Berry and the other employee, Mike Free, testified that a drill was not used on the morning of the fire. Berry did not recall making the statement to fire inspector Brooks. Captain testified there was no occasion for the drill to be used on that morning in view of the nature of the work being done.
Brooks and Captain both testified that a hand drill was present on the table where Berry was working after the fire, but Captain noted that the electrical cord to the drill was not plugged in. The trial judge held that plaintiffs failed to bear their burden of proving that the fire was caused by a spark from a drill being used by the employee and we agree with that conclusion.
Even if the fire was caused by a spark thrown from the drill being used by *824 the employee, such did not amount to negligence on the part of defendant or his employee nor a violation of the standard of care due under the circumstances. The testimony of Captain and of Danny Wallace, an experienced employee of the Black & Decker Power Tool representative in the area, was that any sparks emitted by this type drill are contained within the casing of the drill. Wallace testified the probability of a spark being emitted outside the drill casing was about 200,000 to 1 against it. Considering the extremely remote possibility of a spark being thrown from the drill and the careful manner in which the inflammable material was stored we find no negligence on the part of defendant or his employees even if the fire started in this manner.
Plaintiffs rely on res ipsa loqui-tur and the Boudreaux case cited supra. Boudreaux is closely in point and the rules stated in that case, being the most recent expression of the Supreme Court, are applicable. In Boudreaux the court held:
“Nevertheless, when all the evidence is in and the question is whether, by reason of the res ipsa loquitur rule, the plaintiff has preponderantly proved that the defendant is responsible in tort for his injury, we have in our most recent decision on the issue noted that the real test of applying res ipsa loquitur to be as follows : ‘Do the facts of the controversy suggest negligence of the defendant, rather than some other factors, as the most plausible explanation of the accident?’ Pilie v. National Food Store, 245 La. 276, 158 So.2d 162, 165 (1963). (Italics ours.) On the other hand, application of the principle is defeated if ‘an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as one that it was due to his negligence.’ 158 So.2d 165 (Italics ours.) See also Comment, 25 La.L.Rev. 748, 764 (1965). This is simply another formulation of the burden of a plaintiff in a tort action to prove that, more probably than not, his injury was caused by the negligence of the defendant.”
Applying these principles the evidence as a whole does not show any act of negligence on the part of the defendant as the most plausible or most likely cause of the fire. The evidence as to the cause of the fire in the instant case falls far short of the evidence available and relied on in finding liability in the Boudreaux case. The evidence in the instant case leaves the cause of the fire unknown and any conclusion as to the cause purely speculative.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.