286 So.2d 459 (1973)
Louis A. FABRE, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY and/or the Travelers Indemnity Company, et al., Defendants-Appellees.
No. 9555.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Refused February 1, 1974.
*461 Anthony J. Clesi, Jr., Baton Rouge, for plaintiff-appellant.
Eugene R. Groves, Baton Rouge, for Travelers Ins. Co.
Frank A. Fertitta, Baton Rouge, for Intervenor.
Before SARTAIN, TUCKER and WATSON, JJ.
SARTAIN, Judge.
This suit arose out of an accident which occurred on October 7, 1969 at the point on the Shada Avenue extension where the roadway crosses over Monte Sano Bayou in East Baton Rouge Parish. At approximately 6:00 A.M. on the morning in question plaintiff was leaving his work at the Allied Chemical Corporation's North Works Plant in Baton Rouge when his auto suddenly plunged into a hole in the roadway striking the opposite side of the hole and causing the injuries for which plaintiff seeks recovery in this tort suit.
Plaintiff was employed by Allied Chemical Corporation (Allied) at the time of the accident. He had just finished his shift at Allied's North Works Plant and was proceeding in his automobile for home when the accident occurred. Allied's North Works Plant is located some distance from the Airline Highway, the main public artery in the area, and access to the plant for the workers is provided by the extension of Shada Avenue on land owned or leased by Allied. On the night preceding the accident the Baton Rouge area experienced a rainfall of some 4.5 inches. Apparently this rainfall caused the supporting dirt fill of the Shada Avenue extension at the point of the accident to be washed out by Monte Sano Bayou resulting in the large hole into which plaintiff's vehicle fell. Plaintiff was driving in the pre-dawn darkness and rain and thus did not see the washout until it was too late to avoid striking the hole.
Plaintiff was able to get out of his auto before the entire support structure under the roadway, including a metal culvert some thirteen feet in diameter and one hundred feet long, was washed away resulting in the inundation of his vehicle. Plaintiff suffered shock and bruises from the accident and missed some eighty-four hours from his job. He was paid workmen's compensation and medical expenses by Allied's workmen's compensation insurer for this period.
Plaintiff filed this tort suit seeking recovery of damages for his various physical injuries against Allied, its insurer, The Travelers Insurance Company, and six officers and employees of Allied. Plaintiff alleged that Allied maintained the roadway. He also alleged that Allied and its officers had constructive and actual knowledge that the roadway was in danger of collapsing and were negligent in failing to correct this condition.
*462 Following a trial on the merits, the district court dismissed plaintiff's suit against Allied and its insurer on the grounds that plaintiff's only cause of action against Allied and its insurer must lie under the Workmen's Compensation Act and not in tort. The trial court also found that plaintiff had failed to prove by a preponderance of the evidence any negligence on the part of the individual defendants.
From this judgment plaintiff has taken this appeal. Plaintiff asserts that the trial court erred (1) in denying recovery in tort against Allied and its insurer, (2) in denying recovery against the individual executive officers named as defendants, and (3) in failing to apply the doctrine of res ipsa loquitur to the facts of this case.

PLAINTIFF'S CLAIM AGAINST ALLIED
Plaintiff contends that the trial court erred in holding that the accident occurred during the course and scope of plaintiff's employment and as such his exclusive remedy against Allied would lie under our workmen's compensation law. L.R.S. 23:1032. Our review of this record convinces us of the correctness of the trial court's determination of this issue and we, therefore, quote with approval that portion of his written reasons for judgment concerning this issue:
"Because of Mr. Fabre's status as an employee of Allied Chemical, and because he has brought suit against this defendant in tort only, it is incumbent upon this Court to determine whether the Louisiana Workmen's Compensation Act is applicable. This is because of LSA R.S. 23:1032 which makes the Workmen's Compensation Act the sole remedy for an employee's injuries, where the circumstances surrounding the injuries show the applicability of this Act. If it is determined that the Act applies to Mr. Fabre, this action must be dismissed against Allied and its insurer.
"In determining the applicability of the Compensation Act, the following principle must be kept in mind:
"`The liberal Construction of the Workmen's Compensation Act required to accomplish its humane purpose by including all workmen reasonably afforded its protection must equally be applied when an injured person seeks exclusion from the Act in order to seek damages in tort. Spanja vs. Thibodeaux [Thibodaux] Boiler Works [La.App.], 2 So.2d 668. Schmolke vs. Krauss Company, Ltd. [La.App.], 217 So.2d 789, at 791. (Emphasis added) See also, Kenner vs. Harenco [La. App.], 161 So.2d 142, and Pinchera vs. Great Atlantic and Pacific Tea Co. [La.App.], 206 So.2d 793.'"
"In applying this principle, every reasonable manner of including Mr. Fabre under the Act must be explored, and if any be found he will be held to that exclusive remedy.
"The basic requirements for coverage under the Act are as follows. First, an employer-employee relationship must exist; second, the employment must be hazardous, as defined by the legislation and jurisprudence; and finally it must appear that coverage has not been precluded by agreement or employee choice. It seems obvious that these requirements have been satisfied in the instant case, and neither party has contended otherwise. The bone of contention here concerns two other requirements of the Act. L.S.A. R.S. 23:1031 requires that the injury complained of arise out of and in the course of the employment.
"Generally, this means that the injury must occur during the hours of employment and be the result of a risk incurred because of the employment. In the instant case, Mr. Fabre had just finished his shift and had departed, on his way home, when the accident occurred. This would seem to meet the statutory requirement *463 that the injury occur during the course of the employment, because our Supreme Court has indicated that for purposes of the Act, the working day, or hours of employment, includes a reasonable time to leave. Walker vs. Lykes Brothers-Ripley S. S. Co. [La. App.], 166 So. 624.
"Furthermore, the accident occurred on the plant premises, or near enough thereto to warrant inclusion under the jurisprudential `threshhold' doctrine. This doctrine requires that the employee be subjected to a risk not common to the average traveler and that the risk exist in the immediate adjacent area. There was testimony that indicated ownership of the road by Allied, and that the road was contiguous with the plant proper. However, were this not the case, the risk was in the immediate adjacent area and it was such a risk that was beyond that encountered by the average traveler. Mr. Fabre had to cross the bayou many times per year, incurring the slight, but significant risk that the roadway would give way because of a washout. Therefore it must be said that Mr. Fabre's injuries occurred during the course of his employment.
"The second requirement of R.S. 23:1031, that the injury arise out of the employment, is also met here. The requirement that Mr. Fabre be at work, at the plant necessarily requires that he come to and leave from work. Thus his employment required him to be present at the place of the accident, at the time it occurred. Kern vs. Southport Mill [174 La. 432], 141 So. 19. Because of the above findings, it is apparent that Mr. Fabre's cause of action must be under the Workmen's Compensation Act and cannot lie in tort. Therefore this action as to Allied and its insurer must be dismissed."
Plaintiff argues that the trial court erred in applying the so-called "Threshold Doctrine" to the facts of this case. Plaintiff asserts that the accident occurred approximately nine-tenths of a mile outside of the gates of the plant and thus should not be deemed to have occurred at the threshold of the plant.
In order for the threshold doctrine to apply and include a given employee under the provisions of the workmen's compensation law, the injury must have been caused by a hazard or danger to which the employee was regularly exposed because of his employment and the accident must have occurred in an area immediately adjacent to the employer's premises. Malone, Louisiana Workmen's Compensation Law and Practice, Sec. 172, pages 201-206 (1951).
We note initially that there is some evidence in this record which indicates that the extension of Shada Avenue, upon which the accident occurred, was on property either owned by or leased to Allied by the Missouri Pacific Railroad. The roadway was constructed by AAA Construction Company at the request of Allied. The point on Shada Avenue where the accident occurred was variously estimated as being between six-tenths and nine-tenths of a mile from the gates of the plant proper. Numerous witnesses, including plaintiff, testified that the roadway was the only means of ingress and egress afforded the workers of Allied to reach the plant. The bridge or culvert through which Monte Sano Bayou passed under the roadway was located on that portion of the road which plaintiff and the other employees were required to travel to reach the plant gates. The hazard of crossing over Monte Sano Bayou on this roadway was one to which plaintiff and the other Allied employees were regularly exposed. From these facts, it is apparent that this accident occurred either on or immediately adjacent to the premises of the employer and resulted from a hazard to which the employees of Allied were regularly exposed. Accordingly, we find no error in the trial court's application of the so-called "threshold doctrine" under the facts of this case.
*464 Plaintiff also asserts that Allied was negligent in failing to provide him with a safe place to work and thus should be held liable in tort for the injuries sustained by him. We find this contention without merit because under the provisions of our workmen's compensation law such failure on the part of the employer may result in liability for workmen's compensation benefits but due to the exclusive remedy provisions of the Workmen's Compensation Act cannot give rise to tort liability on the part of the employer. L.R.S. 23:1032.

PLAINTIFF'S CLAIM AGAINST THE INDIVIDUAL DEFENDANTS
Plaintiff seeks to impose liability for his injuries upon six officers and executives of Allied. He alleges that these officers had actual and constructive knowledge of the danger to the roadway and were negligent in failing to correct this situation. He also argues that these individuals, as agents of Allied, owed him the duty to provide him a safe place to work and that they breached this duty.
A supervisory employee may be held liable in tort where he negligently created or negligently failed to correct a dangerous condition of which he was or should have been aware under the circumstances. Johnson v. Schneider, 271 So.2d 579 (1st La.App.1972).
In the case at bar the trial court found that plaintiff had failed to prove any acts of negligence on the part of any of these supervisory employees and thus dismissed the claims against them. We agree.
The testimony in the record discloses that none of these individuals had either actual or constructive knowledge that this roadway was in danger of washing out. None of the individuals had participated in the construction or maintenance of the roadway. Although there was testimony which established that several of these defendants were aware of water erosion problems in other locations on the plant premises, none of the individual defendants, with the possible exception of Mr. Basil Polyzopoulos, the laboratory foreman, had any knowledge of erosion at the particular location where the washout occurred.
Mr. Richard Baxter, a laboratory technician with Allied, testified that he had been to the area of the washout to collect water samples for environmental control purposes during the summer of 1969. He stated that at that time he noticed some erosion around the metal culvert at Monte Sano Bayou. He described the erosion as being generally shallow at that point. Mr. Baxter further testified that he told his laboratory foreman, Mr. Polyzopoulos, about the erosion and suggested that they pick a better place to collect samples in the future. Mr. Baxter stated that he never told Mr. Polyzopoulas that the culvert was in danger of being washed out.
The trial court found the evidence and testimony insufficient to infer that Mr. Polyzopoulas or any of the other supervisory employees should have foreseen the possibility of a washout at this location. Thus, the trial judge held that there was no proof that they were negligent in failing to correct or warn of this condition. We find no manifest error in that conclusion.
Plaintiff also argues that these individual defendants breached their duty to provide him a safe place to work and cites the recent case of Canter v. Koehring Company, La., 283 So.2d 716 (September 24, 1973) in support of this contention. While the Canter case recognizes that an officer, agent or employee may be held personally liable in tort to a co-employee or third person for injuries sustained as a result of the breach of a duty owed to either the corporate employer or the coemployee to provide a safe place to work, liability can only be imposed when the breach of that duty by the officer, agent or employee has been proven. As noted above, the trial court found the evidence in the *465 instant suit insufficient to prove that these individual defendants negligently breached any duty owed to the plaintiff. Under the criteria approved by the Supreme Court in Canter for determining whether or not an officer, agent or employee should be held personally liable in tort, we find no error on the part of the trial court in absolving these individual defendants from personal liability.

APPLICABILITY OF RES IPSA LOQUITUR
Plaintiff contends that the trial court erred in not applying the doctine of res ipsa loquitur to the facts of this case.
For this rule to apply, the plaintiff must show: (1) that the instrumentality which caused the accident was in the actual or constructive control of the defendant; and (2) that the information as to the true cause of the accident is more readily available to the defendant than to the plaintiff. LeJeune v. Liberty Mutual Insurance Company, 261 So.2d 280 (3rd La.App.1972). However, application of the principle is defeated if an inference that the accident was due to some cause other than defendant's negligence could be drawn as reasonably as the inference that it was due to defendant's negligence. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); Hartford Fire Insurance Company v. Captain, 278 So.2d 821 (2nd La.App.1973).
It is clear from the testimony in the record that none of the individual defendants in the instant case participated in the construction or maintenance of this roadway and they possessed no information concerning its condition at the place where the washout occurred. As to them, there can be no application of the doctrine.
As to Allied and its insurer res ipsa loquitur would also be inapplicable. It is reasonable to infer that the washout occurred because of the unusually heavy rain which fell on the night of the accident. Thus, application of the principle is defeated due to the fact that it is as reasonable to infer that the accident was caused by the excessive and unexpected rainfall as it is to infer that Allied was negligent in the construction and maintenance of this roadway.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant's costs.
Affirmed.