**Thomas C. LILES, Plaintiff-Appellant,**

v.

**RIBLET PRODUCTS OF LOUISIANA, INC., et al., Defendants-Appellees.**

No. 74–1353.

United States Court of Appeals, Fifth Circuit.

March 14, 1975.

Troy E. Bain, Shreveport, La., for plaintiff-appellant.

Benjamin C. King, Shreveport, La., for defendants-appellees.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

This diversity tort action is the result of a Louisiana highway accident. Larry Larkin, an employee of Riblet Products of Louisiana, was at the wheel of his company's flatbed truck, when it ran into the rear end of an automobile driven by Thomas C. Liles, an employee of State Line Escort Service. Liles is a citizen of Louisiana. Riblet Products and its liability insurer, American Employers Insurance Company, are, respectively, Indiana and Massachusetts corporations.

Riblet Products is engaged in the manufacture, sale, and delivery of mobile home frames twelve or fourteen feet wide. Vehicles transporting loads more than twelve feet wide, under Louisiana law as implemented by the state's director of highways, must be accompanied by a properly equipped escort vehicle. Riblet Products generally does not use its own employees or escort vehicles for this purpose but engages the services of escort companies. At the time of the Liles-Larkin accident, Riblet Products had entered into a verbal agreement with State Line Escort Service for the required escort.

Liles contends that in the accident he sustained serious injury necessitating surgery on his back. He brought this suit against Riblet Products, as Larkin's employer, and against American Employers Insurance Company, as Riblet Products' insurer, alleging Larkin's negligence as the cause of his injuries. The defendants filed a motion for summary judgment on the ground that Riblet Products was the "statutory employer" of Liles under the Louisiana Workmen's Compensation Statute; that, consequently, Liles' exclusive remedy was against Riblet Products and its insurer for workmen's compensation. The district court granted the motion.

■ The district court did not err in concluding that Riblet Products was, as a matter of law, a "principal" under L.S.A. R.S. 23:1061. See, e. g., Arnold v. Shell Oil Co., 5 Cir. 1969, 419 F.2d 43;  Isthmian Steamship Company of Delaware v. Olivieri, 5 Cir. 1953, 202 F.2d 492; Foster v. Western Electric Co., 1972 La.App., 258 So.2d 153. Nor did it err in holding that Louisiana decisions establish that a "principal", liable to an injured employee for payment of workmen's compensation benefits under L.S.A. R.S. 23:1032, is immune from tort suits brought by such an employee. See Broussard v. Heebe's Bakery, Inc., 1972, 263 La. 561, 268 So.2d 656. We see no reason, therefore, to abstain or to certify this issue to the Louisiana Supreme Court.

■ There is no merit to the appellant's contention that the summary judgment was improper because Riblet's employee, Larry Larkin, did not enjoy immunity under L.S.A. R.S. 23:1032. Larkin was not a named defendant in this suit,[1] and the district court's judgment did not purport to reach the merits of any claim Liles might state against Larkin. We affirm the judgment without prejudice to Liles' rights, if any, against Larkin.

Affirmed.

---

1. Larkin is a citizen of Louisiana; his joinder would thus have destroyed diversity.