**Gilbert JERRY et al.**

v.

**SHELL OIL COMPANY.**

**Civ. A. No. 750802.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

Jan. 14, 1977.

Joseph J. Piccione, Lafayette, La., for plaintiffs.

James G. Dubuisson, Dubuisson, Brinkhaus, Guglielmo & Dauzat, Opelousas, La., for defendant.

NAUMAN S. SCOTT, Chief Judge:

### RULING

The plaintiffs, as surviving parents of their deceased son, Floyd Jerry, brought this tort action against Shell Oil Company and its insurer Travelers Insurance Company as a result of the accident which occurred in Shell's White Castle Oil Field located in Iberville Parish, Louisiana. In that accident Floyd Jerry was killed when his car drove off a bridge on a road leading out of the field. Defendants have moved for summary judgment on the grounds that plaintiffs' sole and exclusive remedy against them is recovery under Louisiana's Workmen's Compensation statute, and not in this court.

The material facts in this case are not in dispute. Prior to February 6, 1975 Shell Oil was owner of an oil, gas and mineral lease in Iberville Parish, Louisiana. A number of producing wells had been drilled and this lease area was known as the White Castle Oil Field. One of the wells, No. 223, finally lost production and Shell had hired Pernie Bailey Drilling Company (Pernie Bailey), a drilling operator, to re-enter the well in search of oil at a lower level.

Pernie Bailey had hired Floyd Jerry as a member of the drilling crew on Rig No. 223. On February 6, 1975 Jerry arrived to work for Pernie Bailey at approximately 9:00 o'clock A.M. This was Jerry's first day at work and he had been given directions on how to find his way into the oil field and to well No. 223.

The only roads to the well site from the public highways were private roads maintained by Shell Oil Company. These roads were not used as public thoroughfares, and to warn the public that they were entering a private oil field, Shell had placed orange signs at the intersection of its roads and the public highways which read "Shell Oil Company, Private Road, Travel At Own Risk". Two roads give access to the public highway. One road comes from the south and a shorter one from the north which was used more often.

Jerry's shift finished at approximately 7:00 o'clock P.M. on February 6, 1976, and the crew members departed using the shorter northerly route which crossed Bayou Tigre within the oil field. Jerry was not seen until the next morning when he was found dead in his partially submerged automobile in Bayou Tigre on the south side of the bridge about three-tenths of a mile from the well site.

Shell maintained the two lane road which curved to the right as it approached the bridge. The bridge was about twelve feet wide and could accommodate only one car at a time. The bridge had no side railing, guards, posts or other structures above the level of the roadway.

The approaches to the bridge from the direction in which the decedent was travel-

ing contained no sign or other markings or warnings to indicate its narrowness, its one-way capacity, or the right-hand curve into the bridge. The approaches to the crossing on both ends were bordered by trees, shrubs and vegetation and the bridge was not lighted. Shell Oil had built this bridge for use within its oil field and it was not meant to be nor was it used by members of the public who had no business in the White Castle Field.

As a result of the accident the plaintiffs, as surviving parents, brought this suit in tort against Shell Oil and its insurer for damages suffered as a result of the wrongful death of their son, Floyd Jerry.

Defendants allege that the sole and exclusive remedy Jerry's parents have against Shell as Jerry's statutory employer is under Louisiana Workmen's Compensation statute, L.S.A. 23:1031–1032; and that Shell is therefore immune from this tort suit.

■ It is well established that if an employee can be fit into the Act then he is excluded from any tort action. In *Fabre v. Travelers Ins. Co.*, 286 So.2d 459 (La.App. 1st Cir. 1973), *cert. denied*, 288 So.2d 646 (La.1974), the court cited with approval this language used by the trial court:

"The liberal construction of the Workmen's Compensation Act required to accomplish its humane purpose by *including* all workmen reasonably afforded its protection must *equally* be applied when an injured person seeks *exclusion* from the Act in order to seek damages in tort. "In applying this principle, every reasonable manner of including Mr. Fabre under the Act must be explored, and if any be found he will be held to that exclusive remedy." (Citations omitted).

Both Shell and plaintiff agree that Shell was a statutory employer of Jerry, as a "principal", under L.S.A. 23:1061. By virtue of L.S.A. 23:1061–1062, Jerry could collect workmen's compensation benefits from either Pernie Bailey or Shell. The Fifth Circuit has made it clear that a "principal", under L.S.A. 23:1061, being liable to an injured statutory employee for workmen's compensation benefits, is therefore "immune from tort suits brought by such an employee." *Liles v. Riblet Products of Louisiana*, 509 F.2d 804 (5th Cir. 1975).

To come within Louisiana's Workmen's Compensation statute the injury must be one which arises out of and in the course of employment. The statute, L.S.A. 23:1031, states,

"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation . . . .".

■ The injury in this case took place after Jerry left the drilling area where Pernie Bailey was operating Rig No. 223 when the plaintiff's shift was over at 7:00 o'clock P.M.[1] Workmen's Compensation law has developed the threshold or proximity doctrine to include injuries that do not occur at the situs of employment. This general rule of the threshold doctrine comes into play when:

". . . the injury takes place before or after working hours outside of, but within close proximity to, the premises of the master and results from a hazard to which the employee, by reason of his employment, when considered in connection with the situation of his employer's premises, is subjected to a greater risk than the public in general. For this exception to be invoked, the means of customary ingress and egress to and from the master's premises must be such as to compel the employee to submit, by reason of his employment, to greater hazards than the public in general, although such risks may exist, in some measure, with respect to the general public. Moreover, it has been held in these cases that a continuance of the course of employment is extended in allowing the employee a reasonable time, before or after working hours, to enter or leave the premises, or hazards adjacent thereto, and, if injury

---

1. The plaintiff in his complaint alleges that the accident occurred at approximately 7:10 P.M.

occurs under these circumstances, liability attaches to the employer for compensation. The Supreme Court of the United States has recognized this precept in the cases of *Cudahy Packing Co. v. Parramore*, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532, and *Bountiful Brick Co. v. Giles*, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402." *Walker v. Lykes Brothers-Ripley S. S. Co., Inc.*, 166 So. 624, 626 (Orl.La.App.1936).

Thus the requirements of the threshold doctrine was twofold. First, the injury must have been caused by a hazard or danger to which the employee was regularly exposed because of his employment; and second, the accident must have occurred in an area immediately adjacent to the employer's premises. See Malone, *Louisiana Workmen's Compensation Law and Practice*, § 172, pp. 201–206 (1951).

The first requirement is easily disposed of. The average traveler does not travel on the roads of the White Castle Oil Field, and at the two entrances to the field Shell placed orange signs which warned of potential dangers and read "Shell Oil Company, Private Road, Travel At Own Risk". The road that Jerry traveled on was built by Shell over land on which Shell had purchased a mineral lease. Additionally the bridge upon which Jerry drove off was designed, built and maintained by Shell.

The second requirement, that the accident occur in an area immediately adjacent to the employer's premises also affirmatively fits the facts of this case. The accident occurred only three-tenths of a mile away from the drilling site where Jerry was working and still within the Shell Oil Field. Plaintiff argues that three-tenths of a mile is not immediately adjacent to the work area and thus the threshold doctrine is inapplicable. We disagree.

In *Fabre v. Travelers Ins. Co., supra*, the plaintiff left the plant where he was employed after his shift was over and was injured on a road open to the public, but leased and maintained by his employer. The accident happened when plaintiff's automobile crashed into a hole in the road

caused by excessive rainfall approximately nine-tenths of a mile outside the gates of the plant. The court held that plaintiff's exclusive remedy was workmen's compensation and that the threshold doctrine was applicable.

In the *Fabre* case, the road where the accident took place was the only means of egress and ingress to the plant. Plaintiff urges that because there were two entrances into the oil field the threshold doctrine should be defeated. A careful reading of the applicable cases shows this contention to be without merit. Malone, in his treatise, *Louisiana Workmen's Compensation Law and Practice, supra*, § 172, states:

"In order that the 'threshold doctrine' (or 'proximity rule') should apply it is not necessary that the dangerous approach where the accident occurred should be the only means of access to the premises. If it is a customary approach, this is enough." Citing *Attaway v. Fidelity & Casualty Co. of New York*, 39 So.2d 632 (La.App. 2nd Cir. 1949).

In the *Attaway* case, cited by Malone, the accident occurred on one of the customary means of ingress and egress to and from the master's premises, and this was sufficient for the threshold doctrine. We hold that the route that Jerry took was one customarily followed by the crew of Pernie Bailey Drilling Company. This logically follows since it is the route nearest the public highway, and from the affidavit of Richard A. Parker, a drilling foreman for Shell in the White Castle Field, who stated that members of the Pernie Bailey Drilling Company used such route.

It is clear that the threshold doctrine applies to this case, and Jerry's sole remedy against Shell is under Louisiana Workmen's Compensation statute. A plausible argument could be made that Jerry was still on his employer's (Shell's) premises when the accident occurred. Under that legal theory, recovery is still limited to workmen's compensation.

For the foregoing reasons, defendant's motion for summary is granted. Further,

this case is hereby dismissed, the court having no jurisdiction over the plaintiff's workmen's compensation claim.