335 So.2d 536 (1976)
Charles R. WOFFORD
v.
The DOW CHEMICAL CO. et al.
No. 10831.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
William D. Grimley, Baton Rouge, for appellant.
Boris F. Navratil, of Breazeale, Sachse & Wilson, Baton Rouge, for defendants-appellees.
William C. Kaufman, III., Baton Rouge, for intervenor.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Charles R. Wofford, appeals the granting of summary judgment in favor of defendant-appellee, The Dow Chemical Company. We affirm.
In April, 1974, Jimco Instrument Service Inc., contracted to perform certain maintenance and repair services for Dow. Under the contract, Jimco was required to carry workmen's compensation insurance on its employees.
In January, 1975, plaintiff, while employed by Jimco, was injured on the premises of Dow's Plaquemine, Louisiana, plant. At that time plaintiff was performing work required of Jimco by the aforementioned contract, said work being in furtherance of the general business, trade and occupation of Dow. As a result of the accident, plaintiff received workmen's compensation benefits from Jimco.
Thereafter plaintiff brought suit, ex delicto, against Dow; its liability insurer, Fireman's Fund Insurance Company; and several officers and supervisors of Dow, alleging that their negligence was the cause of his injuries.
Fireman's Fund, which was also the workmen's compensation insurer of Jimco, intervened pursuant to subpart (E), Chapter 10, Title 23 of the Louisiana Revised States, seeking recovery from the other named defendants for the workmen's compensation benefits and medical expenses it paid to plaintiff.
Dow was granted summary judgment dismissing plaintiff's ex delicto claim on the ground that plaintiff's exclusive remedy *537 against it was through workmen's compensation, LSA-R.S. 23:1032[1] and R.S. 23:1061.[2] Fireman Fund's intervention against Dow was also dismissed.
Only plaintiff Wofford has appealed.
Workmen's compensation is a compromise. By so providing protection for his employee, the employer surrenders immunity from fault; but in return, the employee surrenders the right to sue the employer ex delicto for the full amount of his damages. See Malone, Louisiana Workmen's Compensation Law and Practice, "The Compensation Principle," Section 32.
Thus, by its nature, workmen's compensation is a remedy between the employer and the employee. For that reason, the relationship of employer-employee must be closely guarded, for without it the employee cannot recover.
Past history reveals attempts by employers to effectively avoid this relationship. One such method was to hire the employee through an insolvent subcontractor. By this tractic, the insured employee was effectively deprived of his rights to workmen's compensation since he could not collect from an insolvent subcontractor and he had no employer-employee relationship with the real employer.
Section 1061 was enacted to prevent such maneuvers, and thereunder the principal employer is liable to the employee to the same extent as if he were immediately employed by him. The statute designates the employer as the "principal and the subcontractor as the "contractor."
The net effect of Section 1061 is that the principal becomes a "statutory" employer of the workman, that is, an employer-employee relationship is legislatively created between the workman and the principal. Accordingly, as a statutory employer, the principal receives the ex delicto immunity set forth in Section 1032. Benoit v. Hunt Tool Company, 219 La. 380, 53 So.2d 137 (1951). In Benoit, the Court stated:
"Under the Workmen's Compensation Act and the jurisprudence of this state, the exclusive remedy of the employees of the contractor against the principal, as these two terms are used in the act, is for workmen's compensation, and there is no remedy in tort against the principal, as the principal is not a third person under the provisions of Section 7 of the act. Section 6, 7, and 34, Act 20 of 1914, as amended, LSA-R.S. 23:1061, 23:1101, 23:1032; Thibodaux et al. v. Sun Oil Co. et al., La.App., 40 So.2d 761, affirmed 218 La. 453, 49 So.2d 852. The effect of Section 6 is that the principal shall be considered the employer of the employees of the contractor, in contemplation of the statute, so that such employees shall have the right to demand compensation from the principal, and this is their exclusive remedy, and the principal cannot be held liable to the employees of the contractor in tort. * * *" (53 So.2d at 144) *538 The Benoit case remains the law today, even though its holding was vigorously opposed by amicus curiae, the Louisiana Trial Lawyers Association, in Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972). See, also, Duhon v. Texaco, Inc., 490 F.2d 91 (5th Cir. 1974); Carroll v. Kilroy, 483 F.2d 977 (5th Cir. 1973); Liles v. Riblet Products of Louisiana, Inc., 363 F.Supp. 358 (W.D.La.1973), affirmed, 509 F.2d 804 (5th Cir. 1975).
In view of the foregoing, we conclude, as did the trial judge, that Dow was the statutory employer of plaintiff and under the prevailing law and jurisprudence of this state, the plaintiff's exclusive remedy against it is in workmen's compensation. The judgment of the trial court is, therefore, affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1032, in pertinent part, provides:

"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."
[2] LSA-R.S. 23:1061, in pertinent part, provides:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."