SCHOTT, Judge.
Plaintiff Preston Davis has appealed from a dismissal of his claim against A. Copeland Enterprises and its insurer on a motion for summary judgment filed by these parties. In his petition, plaintiff alleged that he was injured on June 19, 1975, while employed by Refrigeration Equipment Company, Inc. and while servicing refrigeration equipment owned by Robert F. Morrow, in premises leased by him to Copeland and that the accident occurred as follows:
“VIII.
While petitioner was in the process of removing a ‘charging nipple’ from the said refrigeration equipment in a normal and careful manner, a hex bushing broke causing a large amount of ammonia to be rapidly released from the refrigeration system severely burning petitioner on the front and left side of his body from the groin to his face, including petitioners eyes.
“IX.
Petitioner alleges that the cause of the said accident was a defect in design or original manufacture and construction of the refrigeration system.”
In support of appellees’ motion for summary judgment they filed the affidavit of Copeland’s vice president for Purchasing in which he recites that Copeland leased the warehouse from Robert F. Morrow and secured the services of plaintiff’s employer-to service the ammonia refrigeration system located therein; that Copeland in its business as a franchisor of fast food restaurants must maintain refrigeration equipment in warehouses to store the necessary, food items it is required to supply to its chain stores; and that in the operation of Copeland’s business it is normal and useful for it to contract with an outside contractor to perform the necessary maintenance and repair work on the refrigeration equipment used in its warehouse operations.
In dismissing plaintiff’s suit the trial judge found that plaintiff was a statutory employee of Copeland under the provisions of LSA-R.S. 23:1061 and his exclusive remedy was in workmen’s compensation. In this court plaintiff contends that the trial judge erred in finding that plaintiff was a statutory employee of Copeland, but he emphasized a second position which was taken in the trial court but which was ignored in the reasons for judgment.
Plaintiff contends that, 1) his suit' is based on the strict liability of the owner of premises under C.C. Art. 2322 for defects which cause injury to a third party; 2) Copeland, under the terms of the lease of the premises from Morrow, became liable under R.S. 9:3221, which relieves the owner of and subjects the lessee to liability for defects in the premises; and 3) the defense based on R.S. 23:1061 is limited to tort claims but does not prevent plaintiff from asserting a claim based on the strict liability of C.C. Art. 2322, where Copeland stands in the shoes of the owner of the premises by virtue of the lease agreement.
The lease contains the following pertinent provisions:
“Lessee assumes responsibility for the condition of the. premises and Lessor will not be responsible for damages -caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly notify Lessor, in writing of any such defects, Lessee will become responsible for any damage resulting to Lessor or other parties.”
*1260 “Lessee acknowledges that he has inspected the herein leased premises and is satisfied with same in its present condition, including the refrigeration equipment and machinery. Further, lessee agrees that the refrigeration equipment ■ shall be operated continuously (less down time for repair, maintenance and service) and same shall be maintained and serviced on a regular basis to keep same in full operating condition during the terms of the lease and same shall be returned to lessor at the end of the lease in operating condition.”
Assuming that these provisions are sufficient to make R.S. 9:3221 applicable, plaintiff’s thesis falls. If Copeland is the statutory employer of plaintiff it is liable to him for workmen’s compensation as long as the injury was “by accident arising out of and in the course of his employment.” R.S. 23:1031. Under Section 1021(1) an accident is defined as an event happening with or without human fault. Thus, whether plaintiff’s injury was produced by the negligence of a fellow servant or by a defect in his employer’s premises he is entitled to workmen’s compensation benefits for injury. This remedy is “exclusive of all other rights and remedies . . . against his employer,” R.S. 23:1032, so that a determination that Copeland was plaintiff’s employer precludes his assertion of a claim against Copeland based on the strict liability of C.C. Art. 2322.
The affidavit of Copeland’s Vice President establishes that the use and maintenance of refrigeration equipment is an integral part of Copeland’s trade, business or occupation. In order for it to keep its outlets supplied with its perishable products it keeps them stored at a central refrigeration facility from which distribution can be accomplished. Rather than employ a refrigeration mechanic directly it contracted with plaintiff’s immediate employer. If this were a workmen’s compensation claim by plaintiff against Copeland he would surely prevail. The exclusive remedy defense is simply the other side of the give and take scheme of the Workmen’s Compensation Law which is primarily designed to protect the workman. See Wofford v. Dow Chemical Co., 335 So.2d 536 (La.App. 1st Cir. 1976).
Accordingly the judgment appealed from is affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.