399 So.2d 751 (1981)
Clyde L. NICHOLS, Plaintiff-Appellant,
v.
UNIROYAL, INC. Defendant-Appellee.
No. 8148.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*752 Charles F. Wagner, Pineville, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Herbert J. Mang, Jr., Alexandria, for defendant-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
DOUCET, Judge.
This is a tort suit. Plaintiff, Clyde L. Nichols, seeks to recover damages for personal injuries received in a work-related accident from defendant, Uniroyal, Inc. At the time of the accident, plaintiff worked for Uniroyal Merchandising Company, Inc., a wholly owned subsidiary of Uniroyal, Inc.[1] The trial judge granted summary judgment in favor of defendant, dismissing plaintiff's claim upon finding that plaintiff's exclusive remedy lies in workmen's compensation since defendant is both a principal and stockholder under LSA-R.S. 23:1032. Plaintiff appeals. We affirm.
Plaintiff assigns as errors the trial judge's findings that: (1) defendant is a principal under LSA-R.S. 23:1032; and (2) defendant is a stockholder under LSA-R.S. 23:1032.
The facts are undisputed. Plaintiff suffered severe injuries when he fell while attempting to remove a tire from a tire rack. He sued Uniroyal, Inc. to recover damages for his personal injuries alleging that a defect in the design and/or installation of the tire rack caused his injuries.
At the time of the accident, plaintiff was employed by Uniroyal Merchandising Company, Inc. Uniroyal, Inc. owns all of the stock in Uniroyal Merchandising Company, Inc., sets the policies for the management of Uniroyal Merchandising Company, Inc., provides advertising for stores operated by Uniroyal Merchandising Company, Inc. and holds the officers and employees of Uniroyal Merchandising Company, Inc. accountable for the successes and failures of the company's operations. The principal function of Uniroyal Merchandising Company, Inc. is to provide management and accounting services for stores owned by Uniroyal, Inc. or its subsidiaries. Uniroyal Merchandising Company, Inc. provides no management or accounting services for any other manufacturer or distributor outside of the corporate umbrella of Uniroyal, Inc.
The exclusive remedy provision of LSA-R.S. 23:1032 provides immunity from civil liability to a principal. LSA-R.S. 23:1032 states in pertinent part:
"The rights and remedies herein granted to an employee * * * shall be exclusive of all other rights and remedies of such employee * * * against his employer or any principal * * *. For purposes of this Section, the work "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof."
Uniroyal, Inc. operates stores throughout the country through which it sells tires and other products. The management and accounting services provided by Uniroyal Merchandising Company, Inc. are a part of Uniroyal, Inc.'s business. Uniroyal Merchandising *753 Company, Inc. exists only to provide such services for Uniroyal, Inc. It is clear Uniroyal, Inc. is a principal within the intendment of LSA-R.S. 23:1032.
Having found that Uniroyal is a principal, we need not consider the issue of whether it is also a stockholder within the meaning of the statute. The judgment of the trial court is affirmed. Plaintiff is to pay the costs of this appeal.
AFFIRMED.
NOTES
[1] In a separate suit, plaintiff asserted his workmen's compensation claim against Uniroyal Merchandising Company, Inc. for injuries arising out of the accident, receiving workmen's compensation benefits in the amount of $4,275.00 and medical expenses in the amount of $4,666.04, plus a lump sum settlement of an additional $14,000.00. Suit # 104,146, Ninth Judicial District Court, Rapides Parish, Louisiana.