419 So.2d 451 (1982)
Willie W. JOHNSON
v.
James A. ALEXANDER, et al.
Nos. 82-C-0270 c/w, 82-C-0284.
Supreme Court of Louisiana.
September 7, 1982.
*452 Robert E. Morgan, McClain, Morgan & Savory, Lake Charles, for applicant in No. 82-C-0270 and respondent in No. 82-C-0284.
Kathleen E. Drew, Baton Rouge, William M. Bass, Voorhies & Labre, Lafayette, Charles R. Moore, Baton Rouge, La Trial Lawyers Ass'n, for respondents in No. 82-C-0270.
Christopher M. Trahan, Raggio, Cappel, Chozen & Berniard, Lake Charles, for applicants in No. 82-C-0284 and respondents in No. 82-C-0270.
William M. Bass, Voorhies & Labbe, Lafayette, for respondent in No. 82-C-0284.
BLANCHE, Justice.
This case involves the limitations placed on an injured employee's right to maintain a tort action by our Workmen's Compensation Act, R.S. 23:1021, et seq. Plaintiff, Willie Johnson, was employed by Vincent Construction Company as a pipefitter. During the course and scope of his employment, Johnson was injured when a steel pipe accidentally fell on his foot. The pipe was being transferred from pipe jacks to the ground by a backhoe tractor operated by James Alexander, an employee of Dupont and Alexander Equipment Corporation. Vincent Construction, the principal contractor, had contracted with Dupont and Alexander as subcontractor for the rental of the backhoe and the services of its operator.
*453 Johnson brought suit against Alexander, an employee of the subcontractor; the subcontractor, Dupont and Alexander; and the subcontractor's liability carrier, Western World Insurance Company. Vincent Construction's workmen's compensation carrier, USF&G intervened in the action, seeking recovery of the benefits it had paid to Johnson.
The trial judge found James Alexander negligent, and that his negligence was the cause in fact of the accident. Further, the court reasoned that, because the backhoe operator was neither a borrowed servant nor a statutory employee of Vincent Construction (the principal contractor), defendants were subject to proceedings in tort. Accordingly, judgment was rendered against all defendants, in solido, in the amount of $102,476.06 with interest until paid. USF&G was also allowed to recover its expenditures, with preference, out of plaintiff's award.[1]
The court of appeal, 406 So.2d 1378, agreed the backhoe operator's negligence was a cause in fact of plaintiff's injuries. However, the court was of the opinion that, because a principal-subcontractor relationship existed between Vincent Construction and Dupont and Alexander, the backhoe operator was a statutory employee of Vincent Construction[2] and, as such, a co-employee of plaintiff. Pursuant to this reasoning, the appellate court concluded plaintiff's suit was statutorily precluded and Johnson's sole remedy was in workmen's compensation.[3] Because plaintiff's suit was dismissed, the court of appeal never addressed the issues of Johnson's alleged contributory negligence and assumption of risk, as well as defendant's claim of an excessive award of damages.
We granted writs to determine whether an employee of a principal who is injured by an employee of a subcontractor at the jobsite can maintain proceedings in tort against the tortfeasor, the subcontractor and the subcontractor's liability insurer.
Workmen's compensation is a compromise whereby the employer surrenders immunity from fault and the employee surrenders the right to sue the employer for the full amount of his damages. Malone & Johnson, Workmen's Compensation, Sec. 32 in 13 Louisiana Civil Law Treatise 40 (1980). By its nature, workmen's compensation is a remedy between the employer and his employee. Without the employer-employee *454 relationship, the injured employee cannot recover benefits. Wofford v. Dow Chemical, 335 So.2d 536 (La.App. 1st Cir. 1976).
To prevent an employer from evading his compensation responsibility by imposing an insolvent subcontractor between himself and his employees, the legislature "statutorily" created an employer-employee relationship between a principal and the employees of the subcontractor. Travelers Ins. Co. v. Paramount Drilling Co., Inc., 395 So.2d 849 (La.App. 2nd Cir. 1981); Wofford v. Dow Chemical Co., supra. Thus, when a principal employs a subcontractor to execute the whole or any part of the principal's trade, business or occupation, the principal's liability to any injured employee of the contractor is limited to the same extent as if the injured employee had been immediately employed by the principal. R.S. 23:1061. As a result, recovery of workmen's compensation benefits is the exclusive remedy of the "statutory" employee against his own employer, as well as the principal and employees of such employer or principal. R.S. 23:1032. Redler v. Louisiana Power & Light, 383 So.2d 409 (La.App. 4th Cir. 1980).
However, there is no provision in the statutory scheme which creates an employer-employee relationship between the subcontractor and the principal's employees. As a result, the subcontractor has no liability for compensation payments to injured employees of the principal. Without any obligation to pay benefits, the subcontractor has not participated in the mutual compromise contemplated by our workmen's compensation law and is not immune from suit in tort. See Wofford v. Dow Chemical Co., supra; Malone & Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.
Further, though workmen's compensation benefits are a statutory employee's exclusive remedy when injured by employees of the principal, there is no provision in our workmen's compensation act which grants immunity from suit to a "statutory co-employee" who injures the principal's employee during the course and scope of employment. Absent a statutory provision to the contrary, the employees of the subcontractor must be considered third persons as far as the employees of the principal are concerned and subject to proceedings in tort. Benoit v. Hunt Tool Co., 53 So.2d 137 (La.1951); Malone v. Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.[4] Because the subcontractor may be liable for injuries sustained by an employee of the principal, the subcontractor's liability carrier, as a solidary obligor, is also liable for plaintiff's injuries. Ewing v. Sanson, 394 So.2d 849 (La.App. 3rd Cir. 1981), writ dismissed 398 So.2d 532; Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973). Consequently, plaintiff was not precluded from bringing suit against Alexander, Dupont and Alexander Equipment, and Western World Insurance Company.
The appellate court, by dismissing Johnson's suit, pretermitted consideration of the issues concerning contributory negligence, assumption of risk and the trial court's award of damages. These issues are to be addressed on remand of the case.
For these reasons, the judgment in favor of defendants is reversed and the case is remanded to the court of appeal for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] See R.S. 23:1101-1103.
[2] R.S. 23:1061 provides:

Where any person (in this section referred to as a principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
[3] R.S. 23:1032 provides, in pertinent part:

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof. (emphasis added)
[4] The authors, in discussing the very issue presented by the case, give the following example:

If Driller is involved in the business of drilling oil wells and has its employees on a drilling site, and has contracted with Tool Fisher to perform this specialized aspect of the drilling business, it is apparent that if Driller's employees injure Tool Fisher's employees, the remedy of the latter is only in compensation, as against both Driller's employees and Driller itself (Driller is a principal). But if Tool Fisher's employees injure Driller's employees, there is nothing in the Act to take away from Driller's employees the right to proceed in tort against Tool Fisher's employees and against Tool Fisher. Tool Fisher does not owe compensation to Driller's employees in any event, and thus is not entitled to tort immunity. Similarly, if Driller or its insurer pays compensation to the employees of Driller, it may seek reimbursement from Tool Fisher or its employees.