FORET, Judge.
Billy Lee Bertrand (plaintiff) appeals from the trial court’s granting of a motion for summary judgment filed by defendant, Howard Trucking Company, Inc. We reverse and remand for trial on the merits.
The sole issue is whether the trial court properly granted the motion for summary judgment.
FACTS
This is the second time this action comes before this Court on appeal from the granting of a motion for summary judgment filed by defendant. For a detailed review of the facts involved, see Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271 (La.App. 3 Cir.1981), writ denied, 410 So.2d 763 (La.1982). The following short summary of the facts will be sufficient for our purposes.
Plaintiff was employed by Progress Drilling Company (Progress) and was engaged in the task of dismantling a drilling rig when he was injured. Defendant had provided a large crane to assist in this operation, and also provided the trucks necessary to transport the rig to another location. The operation had progressed to the point where it was necessary to remove three large motors from the rig structure by use of the crane. The motors were connected together, but because of their size, it was necessary to remove them one at a time, The employees of defendant and Progress were in the process of removing the second motor when the accident occurred.
There was some difficulty encountered in separating the second motor from the third. Plaintiff climbed down onto the third motor with the intention of reaching the second one to attach a cable to it, which led to a winch on the crane. At approximately the same time as plaintiff stepped down onto a small platform attached to the third motor, both motors moved and plaintiff fell to the ground. The movement of the motors also caused a section of steel stairway to dislodge, which then fell on top of plaintiff, causing him serious injury.
Plaintiff alleged that defendant’s crane operator had operated the crane in a negligent manner, and that this negligent conduct was a cause-in-fact of the injuries he suffered. After answering plaintiff’s petition, defendant filed a motion for summary judgment in which it alleged, in the alternative, that the pleadings, depositions, interrogatories, and sworn affidavits filed in the record conclusively showed that its employees were in no way negligent.
The trial court, after holding a hearing on the motion, found that “... there was no negligence on the part of Defendant”. It further found that: “There’s no material issue of fact with reference to Defendant’s negligence ... ”. Based on these findings, the trial court granted defendant’s motion for summary judgment.
We disagreed and reversed the trial court’s judgment in Bertrand v. Howard Trucking Company, Inc., supra. Defendant then filed a motion and order for refixing the motion for summary judgment for trial, which was granted. Defendant, at the second hearing on its motion for summary judgment, asserted the other grounds therefor, which it had set forth in its original motion. Essentially, defendant alleged that its crane operator was a “borrowed employee” of Progress, and that plaintiff and the crane operator were co-employees. Thus, plaintiff’s exclusive remedy was in work *42 men’s compensation. In the alternative, defendant alleged that its employees were “statutory employees” of Progress, which again had the effect of making plaintiff and its crane operator co-employees. The trial court agreed with at least one of these contentions and granted the motion for summary judgment [1].
BORROWED EMPLOYEE
Defendant, in the trial court, contended that its crane operator was a borrowed employee of Progress. We find no merit in this contention.
In Kezerle v. Hardware Mutual Casualty Company, 198 So.2d 119 (La.App. 3 Cir. 1967), writ denied, 199 So.2d 921 (La.1967), this Court noted, on page 124, that:
“The issue of whether a worker is a borrowed servant or an employee pro hac vice of someone other than his general employer has been considered many times by our appellate courts. See cases cited in B & G Crane Service v. Thomas W. Hooley & Sons, 227 La. 677, 80 So.2d 369 (1955); McCutchen v. Fruge, 132 So.2d 917 (La.App. 3d Cir.1961); and Truitt v. B & G Crane Service, Inc., 165 So.2d 874 (La.App. 4th Cir.1964).
In these cases the courts have consistently held that there is a presumption that the general employer is responsible in damages for the torts of his employee. If the general employer seeks to avoid liability on the ground that his employee is the “borrowed servant” of another, then the burden of proof rests upon the general employer (defendant Adair in this case) to show that as to the particular work in question the servant has been loaned, that the relationship of master and servant which theretofore existed between the general employer and employee has been suspended, that a new relationship of master and servant has been created between the borrowing employer and that employee and that this new relationship was in existence at the time the accident occurred.
A test which has been applied consistently in determining whether a person is a borrowed servant is to ascertain who controls him in that employment, and who has the power and right to control and direct him in the performance of his work. In order to establish that the employee is the borrowed servant of another, we think it is essential for the general employer to establish, among other necessary elements of proof, that the borrowing employer exercises control over the employee and has the right to control him, that the general employer has relinquished the right to control him, and that the employee is performing work for the borrowing employer and in the latter’s business.”
See also LeBlanc v. Roy Young, Inc., 308 So.2d 443 (La.App. 3 Cir.1975), writ denied, 313 So.2d 240 (La.1975); Highlands Insurance Company v. L.J. Denny and Son, 328 So.2d 779 (La.App. 3 Cir.1976), writ denied, 333 So.2d 237 (La.1976).
The evidence shows that, at the time this accident occurred, Progress was engaged in the business of drilling wells in search of oil and gas. It was not engaged in the business of dismantling and transporting drilling rigs from one location to another, and it did not own any equipment designed for performing that type of work. When Progress needed to have one of its rigs moved, it always engaged outside contractors to do it. Defendant was one of these outside contractors. Defendant specialized in oil field trucking, and in dismantling and erecting drilling rigs. Progress would call defendant and request that it furnish the necessary equipment to tear down, move and erect its rigs whenever they changed locations.
Weston Duplechaine was defendant’s supervisor (truck pusher) on duty when the accident occurred. He testified that: “My job as a pusher’s job is to go out there and see — in other words, you got to check it, see *43 if it’s tied on right, not to drop it, and stuff like that. Make the truck get it out of the way and.everything like that.” His duties also included supervision of the crane and its operator. Duplechaine testified that sometimes Progress employees would make decisions affecting the sequence in which a rig would be dismantled or erected. However, once a piece of equipment was tied onto the crane for lifting, defendant’s employees would determine how the equipment would be handled. In the event of a disagreement over how a piece of equipment was to be lifted, Duplechaine stated that defendant’s employees would either obey him or the piece of equipment would remain on the ground. He instructed defendant’s employees that: “If you see something that’s tied on wrong and that toolpusher (a Progress employee in this case) wants you to pick it up, you set it down and get off of it. Walk.”
Tony Signorelli was Progress’ tool pusher at the rig on the day of the accident. He testified that an employee of defendant would supervise defendant’s employees at the jobsite. He stated that defendant’s employees were paid directly by it. He noted that the rigging down procedure required a spirit of cooperation between the employees of Progress and defendant, and that they would help each other perform certain tasks at times.
It is our opinion that defendant has failed to prove that its crane operator was a borrowed employee of Progress at the time of the accident. The evidence shows that defendant never relinquished control over its crane operator, and that its crane operator was performing its work, rather than that of Progress. Defendant had selected the crane operator, paid his wages, and had the right to discharge him for any cause. The fact that the crane operator cooperated with the Progress employees was not the certain and complete assumption or change of control necessary to making a finding that the crane operator had become a borrowed employee of Progress. See LeBlanc v. Roy Young, Inc., supra.
STATUTORY EMPLOYEE
The last ground alleged in defendant’s motion for summary judgment is that its crane operator was a statutory employee of Progress. Thus, it argued that its crane operator and plaintiff were co-employees, and that plaintiff’s exclusive remedy was in workmen’s compensation.
Johnson v. Alexander, 419 So.2d 451 (La.1982), had occasion to decide the issue of “... whether an employee of a principal who is injured by an employee of a subcontractor at the jobsite can maintain proceedings in tort against the tortfeasor, the subcontractor and the subcontractor’s liability insurer”. Johnson stated, on page 454, that:
“... there is no provision in the statutory scheme which creates an employer-employee relationship between the subcontractor and the principal’s employees. As a result, the subcontractor has no liability for compensation payments to injured employees of the principal. Without any obligation to pay benefits, the subcontractor has not participated in the mutual compromise contemplated by our workmen’s compensation law and is not immune from suit in tort. See Wofford v. Dow Chemical Co., [335 So.2d 536 (La.App. 1st Cir.1976)], supra; Malone & Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.
Further, though workmen’s compensation benefits are a statutory employee’s exclusive remedy when injured by employees of the principal, there is no provision in our workmen’s compensation act which grants immunity from suit to a “statutory co-employee” who injures the principal’s employee during the course and scope of employment. Absent a statutory provision to the contrary, the employees of the subcontractor must be considered third persons as far as the employees of the principal are concerned and subject to proceedings in tort. Benoit v. Hunt Tool Co., [219 La. 380], 53 So.2d 137 (La.1951); Malone v. Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.4 Because the subcontractor *44 may be liable for injuries sustained by an employee of the principal, the subcontractor’s liability carrier, as a solidary obligor, is also liable for plaintiff's injuries. Ewing v. Sanson, 394 So.2d 849 (La.App. 3rd Cir.1981), writ dismissed 398 So.2d 532; Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973)(Emphasis added.)
Johnson makes it clear that, even though defendant’s crane operator may have been a statutory employee of Progress, plaintiff may maintain an action in tort against defendant based on the alleged negligence of its employee.
We conclude that the trial court erred in granting defendant’s motion for summary judgment.
DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed. The case is remanded to the trial court with instructions that it proceed to a trial on the merits of this matter.
All costs of this appeal are assessed against defendant-appellee. Costs in the trial court shall await final disposition of this matter.
REVERSED AND REMANDED WITH INSTRUCTIONS.

. The minute entry containing the trial court’s ruling on defendant’s motion for summary judgment gives no indication of which of defendant’s contentions it agreed with in granting the motion.