GROVER L. COVINGTON, Chief Judge.
This is a suit in tort to recover damages for personal injuries. Plaintiff, Robert E. Smith, was injured in a work-related accident while operating a truck of Cotton’s Fleet Service, Inc. during his employment as a route salesman for Cotton’s Inc. Plaintiff named various defendants in the suit, but the claims and other issues existing between him and the other defendants are not before the Court at this time. The only questions presented on this appeal are legal issues between plaintiff and Cotton’s Fleet Service, Inc. and Cotton’s, Incorporated.
Prior to the present judgment resulting in the instant appeal, the trial court had sustained Exceptions of No Cause and No Right of Action filed by the appellees. Subsequently, this Court reversed the trial *845 court and overruled the peremptory exceptions, Civil Appeal Number 83 CA 0629. The case was remanded to the trial court for further proceedings. Thereafter, the appellees filed a Motion for Summary Judgment, which was granted by the trial court; Appealing that judgment, the plaintiff now appears before this Court.
At the time of the accident, Smith was employed by Cotton’s, Incorporated, which is a bakery located in Baton Rouge. Cotton’s Incorporated is a wholly owned subsidiary of the parent corporation, Cotton Brothers, Inc. Cotton’s Fleet Service, Inc. is a separate corporation engaged in the ownership and maintenance of vehicles which are furnished to the various corporate entities, including Cotton’s, Incorporated, that are wholly owned subsidiaries of Cotton Brothers, Inc., which in turn is owned by W.F. Cotton, W.F. Cotton, Jr., Richard Gene Cotton, and their respective wives and children. Cotton’s Fleet Service, Inc., does no business with any entity other than the various bakeries owned by Cotton Brothers, Inc.
Under the rationale of Nichols v. Uniroyal, Inc., 399 So.2d 751 (La.App. 3rd Cir.1981), Cotton’s, Incorporated and Cotton’s Fleet Service, Inc., wholly owned subsidiaries of Cotton Brothers, Inc., as employer and principal, respectively, are immune from suit based in tort under La.R.S. 23:1032. The judgment of the trial court is affirmed at appellant’s costs.[1]
AFFIRMED.

. Cotton's, Incorporated, plaintiffs employer, a subsidiary of Cotton Brothers, Inc., was named as a movant in the motion and judgment although it was not a party to the suit. Cotton Brothers, Inc. is not before the Court on the motion, so we are unable to render a judgment as to that corporation.