500 So.2d 759 (1987)
Robert E. SMITH
v.
COTTON'S FLEET SERVICE, INC. and Cotton's, Incorporated.
No. 86-C-0835.
Supreme Court of Louisiana.
January 12, 1987.
*760 Randall A. Shipp, Baton Rouge, for applicant.
Kenneth E. Barnette, Daniel Reed, Seale, Smith & Phelps, Baton Rouge, for respondent.
DENNIS, Justice.[*]
In this case the plaintiff, a driver-salesman for a bakery products company, was injured by the alleged defective condition of a truck supplied to the bakery company by its sibling corporation. We are called upon to decide whether the Worker's Compensation Act grants to a contractor (the truck supplier) immunity from the tort claims of its principal's (the bread company's) employees, or whether, under the circumstances of this case, the contractor corporation may pierce its own corporate veil and that of the principal corporation and obtain tort immunity by merging the identities of the subsidiary corporations with that of their parent. The court granted the contractor summary judgment and the court of appeal affirmed, on the theory that the contractor, as a statutory employer of its principal's employee, was immune from his tort suit. We reverse. Although a principal is immune from tort suits by the employees of its contractor, the reverse is not true; the contractor and its employees are considered as third persons as far as the employees of the principal are concerned. Moreover, the summary judgment evidence does not show without dispute any grounds for piercing or disregarding the corporate structures of the principal and the contractor.
Cotton's, Incorporated, a bakery products company, employed plaintiff, Robert E. Smith, as a driver-salesman. The bakery products company contracted with its sibling corporation, Cotton's Fleet Service, Inc., a vehicle management company, for the vehicle company to supply and maintain trucks for the bakery products company's driver-salesmen. Plaintiff was injured on the job while driving one of the trucks owned by Cotton's Fleet Service, Inc. He filed suit against Cotton's Fleet Service, Inc. and others alleging that his damages resulted in part from the defective condition of the truck.
Cotton's, Incorporated and Cotton's Fleet Service, Inc. are wholly owned subsidiaries of Cotton Brothers, Inc., which is a closely held family corporation. The summary judgment evidence shows that the three corporations are integral parts of a business engaged in the baking, manufacturing and distribution of bakery products. The parent corporation is also engaged in other ventures which are not part of the bakery enterprise.
Cotton's Fleet Service, Inc. moved for a summary judgment on the ground that it was the principal or statutory employer of the plaintiff, Robert E. Smith, at the time of the accident, and therefore was immune from Smith's tort suit under the Worker's Compensation Act. The trial court granted summary judgment on this basis and the plaintiff appealed. The court of appeal affirmed for the same reason. 484 So.2d 844 (La.App. 1st Cir.1986).

1. Principals
Cotton's Fleet Service, Inc. was not a principal or a statutory employer and therefore was not entitled to tort immunity under the Worker's Compensation Act.
A principal or statutory employer under the Worker's Compensation Act is a person who undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with a contractor for the execution of the whole or any part of the principal's work. La.R.S. 23:1061. A principal is liable to pay to any employee, including a contractor's employees, employed in the execution of the work the compensation which he would have been *761 liable to pay if the employee had been immediately employed by him. Id. The rights and remedies granted by the Worker's Compensation Act to an employee or his dependent on account of an injury for which he is entitled to compensation are exclusive of all other rights and remedies against his employer or any principal (statutory employer). La.R.S. 23:1032; 14 Malone & Johnson, La. Civil Law Treatise  Worker's Compensation, § 361 (1980).
The compensation act statutorily creates an employer-employee relationship between a principal and the employees of his contractor to prevent an employer from evading his compensation responsibility by imposing an insolvent contractor between himself and his employees. Lewis v. Exxon Corp., 441 So.2d 192 (La.1983); Johnson v. Alexander, 419 So.2d 451 (La. 1982). Thus, when a principal employs a contractor to execute the whole or any part of the principal's trade, business or occupation, the principal's liability to any injured employee of the contractor is limited to the same extent as if the injured person had been immediately employed by the principal. Johnson v. Alexander, 419 So.2d at 454. As a result, recovery of worker's compensation is the exclusive remedy of the statutory employee against his own employer, as well as against the principal and employees of such employer or principal. La.R.S. 23:1032; Johnson v. Alexander, 419 So.2d at 454.
However, there is no provision in the statutory scheme which creates an employer-employee relationship between the contractor and the principal's employees. As a result, the contractor has no liability for compensation to injured employees of the principal. Without any obligation to pay compensation, the contractor has not participated in the mutual compromise contemplated by the worker's compensation law and is not immune from suit in tort. Further, absent a statutory provision to the contrary, the employees of the contractor must be considered as third persons as far as the employees of the principal are concerned and subject to proceedings in tort. Johnson v. Alexander, 419 So.2d at 454. See Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951); Bertrand v. Howard Trucking Co., 427 So.2d 40 (La.App. 3rd Cir.1983); 14 Malone & Johnson, supra at § 368.
In this case, if there was a statutory employer, the plaintiff worker's actual employer, Cotton's Incorporated, was the principal, because it undertook to execute part of what ostensibly was its work, i.e. owning and maintaining bread trucks, by contracting with a contractor, Cotton's Fleet Service, Inc., for the execution of that part of its work. By the same token, Cotton's Fleet Service, Inc. was a contractor and not a principal because it agreed to perform part of the principal's work and did not contract with any one to perform all or part of its own work. Consequently, Cotton's Fleet Service, Inc., a contractor, was not immune from suit in tort by the plaintiff, an employee of an ostensible principal.
The precedent relied upon by the trial and appellate courts, Nichols v. Uniroyal, Inc., 399 So.2d 751 (La.App. 3rd Cir.1981), is inapposite. In that case the defendant corporation contracted with its subsidiary to perform part of the principal's work and was therefore a statutory employer of its contractor's employee employed in the execution of that work. The case did not present a situation such as the present one in which a contractor seeks to avoid tort liability to an employee of the principal, a worker with whom the contractor had no worker's compensation relationship.

2. Piercing
Cotton's Fleet Service, Inc., is not entitled to acquire statutory employer status by disregarding the corporate structures of itself and its sibling corporation, Cotton's, Incorporated.
We are urged by defendant to disregard the corporate identities of Cotton's Fleet Services, Inc., and Cotton's, Incorporated and to consider them as part of one corporate business owned and operated by their parent, Cotton Brothers, Inc. Defendant's objective is to merge itself with its parent, *762 make the parent the actual employer of the plaintiff, and thereby immunize itself and the parent from plaintiff's tort claim.
The general rule of law is that corporate entity is separate and distinct from the identity of its shareholders. La.Civ.Code art. 435. What is due to a corporation is not due to any of the individuals who compose it, or vice versa, and a creditor of a corporation cannot compel any of its members to pay what may be due him by the corporation. La.Civ.Code art. 437. The purpose of the insulation and limited liability of shareholders is to promote commerce and industrial growth by encouraging them to make capital contributions to corporations without subjecting all of their personal wealth to the risks of business. Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752 (La.1983); Johnson v. Kinchen, 160 So.2d 296 (La.App. 1 Cir. 1964); 1 Hornstein, Corporation Law and Practice § 20 (1959); Barber, Piercing the Corporate Veil, 1981-82 Corp.Proc.Comm. 610, 611 (1982); Comment, Piercing the Corporate Veil in Louisiana, 22 Loy.Law Rev. 993, 994 (1976).
The principle is well recognized, however, that the notion of legal entity may not be used to defeat public convenience, justify wrong, protect fraud, or defend crime. Glazer v. Commission on Ethics, 431 So.2d at 758; United States v. Milwaukee Refrigerator Transit Co., 142 F. 247, 255 (E.D.Wisc.1905). See also Haynes v. Champagne Tile Corp., 228 F.Supp. 157 (E.D.La.1964) and authorities cited therein. In each individual case, the just and reasonable limitation, if any, upon the exercise of the privilege of separate capacity is determined by balancing the policies fostered by corporate existence against the policies justifying its limitation under the particular circumstances. Glazer v. Commission on Ethics, 431 So.2d at 757; Mull v. Colt Co., 31 F.R.D. 154, 166 (S.D.N.Y.1962); Ballantine, Corporations, § 122, p. 292 (Rev.Ed. 1946); Comment, Piercing the Corporate Veil in Louisiana, supra, at 1002-17. The same factual scenario may result in recognition of a separate corporate identity for some purposes, and a disallowance of the separate corporate entity privilege for others. Glazer v. Commission on Ethics, 431 So.2d at 758. See Ballantine, supra, § 122; 1 Fletcher, Cyc.Corp. § 45 (Rev.Ed.1983). For example, the separate corporate entity privilege may not be invoked by a public official so as to use his wholly owned and controlled corporation to do that which the government code of ethics expressly commands he individually shall not do. Glazer v. Commission on Ethics, 431 So.2d at 758. But if the same corporation's separate identity is attacked by its creditors for the purpose of imposing individual liability upon its shareholders, the strong social interest in encouraging capital investment would require that the separate identity be respected absent conduct on the part of the shareholders constituting waiver of the privilege of insulation, such as their own disregard of the corporate form, or their use of the corporate form to perpetrate fraud. See Glazer v. Commission on Ethics, 431 So.2d at 757; Henn, Law of Corporations § 146, p. 253 (2d ed. 1970).
In this case the policies to be fostered by the separate legal identities of the corporations involved clearly outweigh those to be advanced by piercing the corporate veils. Although the corporations are closely related, the summary judgment evidence does not show any of the traditional grounds for piercing, such as an abuse of the corporate forms in conducting business so that the ventures' separate entities have not been preserved, or a use of the corporate form to perpetuate fraud. See Glazer v. Commission on Ethics, supra and authorities cited therein. Furthermore, defendant's arguments suggesting other policies to be promoted by disregarding the corporate forms are also without merit.
Defendant's arguments imply that efficiency, deterrence and cost spreading would be promoted by charging all accident costs to the whole of an economic enterprise rather than to one of its corporate fragments. However, the fundamental purpose of the corporate entity is to promote capital investment by protecting shareholders' personal wealth from the *763 risks of business such as accident costs. Thus, the policy to be advanced by piercing suggested by defendant is one which the legislature clearly considered and determined to be outweighed by the strong social interest of encouraging capital investment when it originally decided to recognize separate corporate existence. In the absence of a constitutional attack, the courts are not free to redetermine a balancing of interests which the legislature manifestly considered and decided. It is difficult to entertain defendant's argument on this ground seriously because it attacks a basic policy decision of the legislature that is generally favorable to corporate investors and which defendant without a doubt would have defended strongly had this been a tort suit by a third person seeking to pierce the corporate entities.
Defendant also suggests that the legislative policy extending tort immunity in La.R.S. 23:1032, not only to employers, but also to officers, directors and others, warrants a limited piercing extending such immunity to closely related parent and sibling corporations. La.R.S. 23:1032 provides that:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
The detailed, thorough nature of the immunity provision, however, indicates a legislative intent to limit the grant of immunity to those persons specifically listed. Furthermore, the expansion of the immunity provision to cover officers, directors and others resulted from Act 147 of 1976, which dealt with a problem created by suits against executive officers that had no significant ramification upon multiple corporate relationships. See Bazley v. Tortorich, 397 So.2d 475 (La.1981); 14 Malone & Johnson, supra, at § 364. Consequently, we conclude there is no policy underlying this part of the worker's compensation act which conflicts or even competes with the policies furthered by separate corporate existence. Therefore, there is no need or justification for a limitation upon the separate corporate entity rule to accommodate the policy of the worker's compensation immunity provision.

Conclusion
The judgment of the court of appeal is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO TRIAL COURT.
NOTES
[*] Honorable Pike Hall, Jr., Chief Judge of the Court of Appeal, Second Circuit, sitting for Justice Lemmon.