GAUDIN, Judge.
Anthony J. Robbins filed this tort suit against defendants James A. Lee, individu *1162 ally and d/b/a Jimmie’s Welding Service, et ais., hereinafter called “Lee,” in the 24th Judicial District Court. After a directed verdict in favor of Lee dismissed his demands, Robbins appealed to this Court contending that the trial judge erred (1) in finding that he (Robbins) was in fact a borrowed employee, and (2) in deciding that Lee was immune in tort under applicable workmen’s compensation statutes.
We reverse the district court’s ruling on the directed verdict and we remand for further proceedings.
On the date of his injury, Robbins was employed as a painter by John Mixon’s Maintenance Services, a painting subcontractor at a Midas Muffler shop in Kenner, Louisiana. Hicks Construction, Inc. was general contractor.
Lee was also a subcontractor, on the job site to install a metal roof on the Midas building. On the day of the sued-on accident, a Lee employee, Bobby Bourgeois, asked the general contractor to provide manpower to help lift sheet metal to the roof. A Hicks supervisor then instructed Robbins to assist in the lifting. While so assisting, Robbins was injured when clamps fell from overhead, striking him on the head.
At the conclusion of petitioner’s case, the trial judge granted the motion for a directed verdict and remarked that Robbins was hurt because of “... some negligence ...” on the part of a Lee employee but that because Robbins was a borrowed employee his sole remedy was in workmen’s compensation.
The term “borrowed employee” is not magical, as stated in Dupre v. Sterling Plate Glass & Paint Co., Inc., 344 So.2d 1060 (La.App. 1st Cir.1977), and decisions throughout Louisiana and other states often cannot be reconciled. A prerequisite, however, in any action under workmen’s compensation is the existence of some kind of employer-employee relationship.
Other than for several physicians, only Robbins and Bourgeois testified during the presentation of plaintiff’s case and before the directed verdict was rendered. The record does not show any employer-employee relationship between Robbins and Lee. Although Robbins was, in a sense, “borrowed” or being temporarily used by Lee, there was no contract, express or implied, and Robbins was not going to be compensated by Lee. Robbins’ services were in the nature of a courtesy or gratuity. Also, Lee had only limited and momentary control over Robbins and had no power to terminate him. There was no testimony regarding Mixon’s relinquishing its control of and over Robbins.
Further, Lee had no obligation to pay workmen’s compensation to Robbins. Robbins had both an actual employer and a statutory employer (Hicks), and Lee would have been responsible for compensation benefits only if Robbins was a true borrowed employee, which he was not.
In Johnson v. Alexander, 419 So.2d 451 (La.1982), the Supreme Court of Louisiana allowed the employee of the general contractor, allegedly injured because of the negligence of an employee of a subcontractor, to proceed in tort against the subcontractor and the subcontractor’s liability insurer. The Court stated:
“We granted writs to determine whether an employee of a principal who is injured by an employee of a subcontractor at the jobsite can maintain proceedings in tort against the tortfeasor, the subcontractor and the subcontractor’s liability insurer.
“Workmen’s compensation is a compromise whereby the employer surrenders immunity from fault and the employee surrenders the right to sue the employer for the full amount of his damages. Malone & Johnson, Workmen’s Compensation, Sec. 32 in 13 Louisiana Civil Law Treatise 40 (1980). By its nature, workmen’s compensation is a remedy between the employer and his employee. Without the employer-employee relationship, the injured employee cannot recover benefits. Wofford v. Dow Chemical, 335 So.2d 536 (La.App. 1st Cir.1976).
“To prevent an employer from evading his compensation responsibility by imposing an insolvent subcontractor between *1163 himself and his employees, the legislature “statutorily” created an employer-employee relationship between a principal and the employees of the subcontractor. Travelers Ins. Co. v. Paramount Drilling Co., Inc., 395 So.2d 849 (La.App. 2nd Cir.1981); Wofford v. Dow Chemical Co., supra. Thus, when a principal employs a subcontractor to execute the whole or any part of the principal’s trade, business or occupation, the principal’s liability to any injured employee of the contractor is limited to the same extent as if the injured employee had been immediately employed by the principal. R.S. 23:1061. As a result, recovery of workmen’s compensation benefits is the exclusive remedy of the “statutory” employee against his own employer, as well as the principal and employees of such employer or principal. R.S. 23:1032. Redler v. Louisiana Power & Light, 383 So.2d 409 (La.App. 4th Cir.1980).
“However, there is no provision in the statutory scheme which creates an employer-employee relationship between the subcontractor and the principal’s employees. As a result, the subcontractor has no liability for compensation payments to injured employees of the principal. Without any obligation to pay benefits, the subcontractor has not participated in the mutual compromise contemplated by our workmen’s compensation law and is not immune from suit in tort. See Wof-ford v. Dow Chemical Co., supra; Malone & Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.
[[Image here]]
“Further, though workmen’s compensation benefits are a statutory employee’s exclusive remedy when injured by employees of the principal, there is no provision in our workmen’s compensation act which grants immunity from suit to a “statutory co-employee” who injures the principal’s employee during the course and scope of employment. Absent a statutory provision to the contrary, the employees of the subcontractor must be considered third persons as far as the employees of the principal are concerned and subject to proceedings in tort. Benoit v. Hunt Tool Co., 53 So.2d 137 (La.1951); Malone v. Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.” (Underlining provided.)
If the general contractor’s injured employee can sue a subcontractor in tort, there being neither an employer-employee relationship nor a statutory prohibition, we fail to see why an injured employee of a subcontractor does not have the same right to proceed in tort against another subcontractor whose employee was allegedly negligent, in the absence, needless to add, of an employer-employee relationship between the plaintiff and the subcontractor-defendant.
Notwithstanding the Johnson v. Alexander wordage, Lee argues that Robbins was a special employee, citing Humphreys v. Marquette Casualty Co., 103 So.2d 895 (La.1958). In Humphreys, the plaintiff, a farm worker who harvested rice, was loaned by one rice-farming entity to another. The second (or borrowing) rice-farming business had direct control over the petitioner, determined his hours and duties and had the power to discharge him. This degree of control established an employer-employee relationship between the plaintiff and the second business and entitled the petitioner (actually his dependent common law wife of 32 years, as the worker himself was fatally injured) to workmen’s compensation from both the lending and borrowing businesses.
Lee, on the other hand, had no such control over Robbins. We therefore reverse the trial judge’s directed verdict decree and we remand this case to the district court for the continuation of the trial or whatever other proceedings are deemed appropriate. As the record now stands, it does not demonstrate that Robbins was a borrowed employee and consequently unable to maintain his tort action. The payment of costs of this appeal is pretermitted.
REVERSED AND REMANDED.