CRAIN, Judge.
This is an appeal from a judgment dismissing plaintiff’s tort suit.
Plaintiff was the sole employee of his own company, Irvin Lafont Contractors, Inc. (Lafont). Lafont contracted with Chevron U.S.A. Inc. (Chevron) to perform certain services at the Chevron facility in Leeville, Louisiana. Danos and Curóle Marine Contractors, Inc. (Danos) was also under contract with Chevron to perform certain services at the same facility.
On September 29, 1985, plaintiff was injured when he slipped from a garbage bin while helping Danos’ employees dump garbage. Plaintiff sued both Chevron and Da-nos in tort. Prior to trial all parties agreed that the statutory employer defense would not be raised. However, after completing the trial on the merits the trial judge dismissed the suit against both Chevron and Danos raising an objection of no right of action on its own motion and concluding that “plaintiff was a statutory employee at the time of the accident”.
Plaintiff appealed the judgment of the trial court. Subsequently, plaintiff settled the suit against Chevron reserving the right to proceed against Danos. The gist of plaintiff’s argument on appeal is that if plaintiff was a statutory employee he was the statutory employee of Chevron, not Da-nos. Consequently, the trial court erred in dismissing plaintiff’s tort suit against Da-nos. Plaintiff further argues that this court should reinstate the tort suit, find that Danos breached a duty of care to the plaintiff and award damages. Interestingly, appellee agrees that plaintiff was not the statutory employee of Danos, but argues that the trial court’s judgment should be affirmed on the grounds that Danos breached no duty of care to the plaintiff.
After a careful review of the record, it is obvious to us that the trial court dismissed plaintiff’s suit against both Chevron and Danos on the grounds that plaintiff was a statutory employee. No attempt was made to determine whether Chevron or Danos was the statutory employer and no attempt was made to consider the merits of plaintiff’s claim as to the corporation which was not the statutory employer.
Our review of the record leads us to the conclusion that if there was a statutory employer, it was Chevron not Danos. This conclusion is agreed to by both parties to this appeal and it is consequently unnecessary for us to enumerate the reasons for this finding. Therefore, since the trial court did not consider the merits of plaintiff’s claim against Danos, the only justification for the dismissal would be if plaintiff can be considered a borrowed employee of Danos.
BORROWED EMPLOYEE
The Supreme Court has held that the employee of a general contractor can sue in tort a sub-contractor who has caused injury to that employee since there is no statutory *1310 employer-employee relationship between these two. Johnson v. Alexander, 419 So.2d 451 (La.1982). In the situation where one employee is borrowed by one entity from another the employer-employee relationship is found to actually exist only where the borrowing entity exercises direct control over the employee, such as determining hours and duties and having the right to discharge. Humphreys v. Marquette Casualty Co., 103 So.2d 895 (La.1958). Where there is no contract, actual or implied, when the employee is not going to be compensated by the “borrower”, where there is only limited, momentary control and no power to terminate, the services of the employee are in the nature of a courtesy or gratuity and do not give rise to an employer-employee relationship. Robbins v. Lee, 505 So.2d 1161 (La.App. 5th Cir.1987). That is the situation here. Thus, there is no bar against plaintiff proceeding against Danos in tort. The trial court was in error in maintaining an objection of no right of action as to the plaintiff against Danos.
REMAND
This case has been tried on the merits and the record seems complete as to the question of whether there is any tort liability on the part of Danos to the plaintiff. However, due to the peculiar circumstance of the trial court interposing sua sponte an objection of no right of action and disposing of the case on that objection there has been no evaluation of the record by the trier of fact on the question of liability or damages. For that reason, we believe the interest of justice requires that this matter be remanded for the trial judge to determine the question of liability, and if necessary, the damages due plaintiff. Cf. Landry v. Bill Garrett Chevrolet, Inc., 443 So.2d 1139 (La.App. 4th Cir.) writ denied, 445 So.2d 441 (La.1984). Accordingly, we remand this case for that purpose.
The judgment of the trial court dismissing plaintiff’s suit against Danos is reversed. The matter is remanded for a determination of tort liability, and if necessary, damages. Costs of this appeal are to be paid by appellee.
REVERSED AND REMANDED.