547 So.2d 17 (1989)
Ricky J. CORMIER and Ferna Cormier, Plaintiffs-Appellants,
Transportation Insurance Company, Intervenor-Appellant,
v.
Kenneth J. GUILBEAUX, et al., Defendants-Appellees.
No. 88-516.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1989.
Writ Denied November 3, 1989.
Thomas & Hardy, Robert W. Thomas, Lake Charles, for plaintiffs-appellants.
Raggio, Cappel, Chris M. Trahan, Lake Charles, for defendants-appellees.
Plauche, Smith & Nieset, P.C., Jeffery M. Cole, Lake Charles, for intervenor-appellant.
Before STOKER, LABORDE and YELVERTON, J J.
YELVERTON, Judge.
Ferna Cormier, a restaurant employee of The Plantation House, a restaurant in Lake Charles, allegedly fell through the floor in the kitchen at work, and she and her husband sued Kenneth J. Guilbeaux, the owner of the premises, in tort under La.C.C. art. 2322. This article makes the owner of a building answerable for the damage occasioned by its ruin. Guilbeaux's defense was the worker's compensation exclusive remedy provisions of La.R.S. 23:1032. The trial court granted Guilbeaux a summary judgment dismissing plaintiffs' suit, holding that worker's compensation was the exclusive remedy and that Guilbeaux was immune from suit in tort. Plaintiffs' appealed. We reverse and remand.
The summary judgment evidence consisted of but one affidavit, Guilbeaux's. In it he characterized his livelihood, at the time of this accident in 1985, as derived from "numerous business ventures, including investments in real estate, ownership and operation of a number of lounges and restaurants, and ownership and operation of an Arabian horse ranch." According to the affidavit, Guilbeaux was a resident of Lafayette. Much of his business was done through corporations, of which he was either the sole or the major stockholder. One such corporation, Bayou-Self, Inc., *18 owned The Plantation House. Another, The Keg, Inc., provided administrative and bookkeeping services to all the corporations operating lounges and restaurants, including Bayou-Self, Inc. Guilbeaux was an employee of The Keg, Inc., at a salary of $10,000 per month. He was not an employee of Bayou-Self, Inc. The affidavit further declared that Ferna Cormier was employed by Bayou-Self, Inc., in connection with its operation of The Plantation House restaurant.
The affidavit stated that for tax reasons, none of the immovable property used for the lounges and restaurants was owned by the corporations. The Plantation House land and building was owned by Guilbeaux personally.
La.R.S. 23:1032 provides that worker's compensation benefits shall be the exclusive remedy of an injured employee against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal. The statute withholds that immunity, however, as to an officer, director, stockholder, partner or employee of such employer or principal "who is not engaged at the time of the injury in the normal course and scope of his employment."
The trial judge found that "Bayou-Self, Inc., was run by one individual, Mr. Guilbeaux." The trial court noted that Bayou-Self, Inc., was "a closely held corporation," and concluded that it existed "to operate lounges and restaurants owned by Guilbeaux". What the trial court did, in effect, was to disregard the corporate structures of Bayou-Self, Inc., and The Keg, Inc. Thus, the trial judge reasoned that Guilbeaux was actually Ferna Cormier's employer, or at least a principal.
The trial court also found as an additional reason for Guilbeaux's dismissal from the suit that he qualified for shareholder immunity. The court said:
At the time of plaintiff's accident, defendant Guilbeaux was engaged in the lounge/restaurant business, albiet through the corporate entities of The Keg and Bayou-Self. Under these circumstances it appears that shareholder Guilbeaux was engaged in the normal course and scope of his employment when plaintiff was injured.
The general rule of law is that the corporate entity is separate and distinct from the identity of its shareholders. Smith v. Cotten's Fleet Service, Inc., 500 So.2d 759 (La.1987). To accommodate the policy of the immunity provisions of R.S. 23:1032, there is no need or justification for a limitation upon the separate corporate entity rule. Id.
Just because he was a stockholder of any corporation does not mean that Guilbeaux can be regarded as an employer or a statutory employer in this case. A principal or statutory employer under the worker's compensation act is a person who undertakes to execute any work, which is a part of his trade, business or occupation, or which he has contracted to perform, and contracts with a contractor for the execution of the whole or any part of the principal's work. La.R.S. 23:1032. There is no provision in the worker's compensation statutory scheme which creates an employeremployee relationship between a stockholder of a corporation, and that corporation's employees. Therefore, the stockholder has no liability as a principal or statutory employer for compensation payments to injured employees of the corporation. Without any obligation to pay benefits, there has been no participation in the mutual compromise contemplated by our worker's compensation laws and therefore no immunity from suit in tort. See Johnson v. Alexander, 419 So.2d 451 (La.1982) and Smitk v. Cotten's Fleet Service, Inc., supra.
Nevertheless, Guilbeaux was a stockholder of the employer, Bayou-Self, Inc., and the exclusiveness of the rights and remedies of worker's compensation protects a stockholder from tort liability also, under R.S. 23:1032, but only if he is engaged at the time of the injury in the normal course and scope of his employment. In this case Guilbeaux was not employed by Bayou-Self, Inc., and there is no summary judgment evidence to indicate *19 that he performed any duties or employment with respect to the operation of the restaurant. There is no evidence indicating that, in any of his capacities as a director, or as an officer, or as a shareholder of Bayou-Self, Inc., Guilbeaux had any duties with respect to the management of the restaurant. Guilbeaux's affidavit, the only evidence in the record, says merely that The Keg, Inc., was responsible for administrative services and bookkeeping services for the restaurant. Although Guilbeaux was an employee of The Keg, Inc., that is an altogether different corporation from Bayou-Self, Inc. Guilbeaux could not be deemed an employee of Bayou-Self, Inc., without disregarding these corporate entities, and we have already seen that that cannot be done.
Guilbeaux was not in the restaurant business. He was in the investment business. His corporations were in the restaurant business.
On this evidence, the facts necessary to establish Guilbeaux's immunity from tort liability have by no means been shown with the certainty required by La.C.C.P. arts. 966 and 967, for summary judgment purposes. Insofar as Bayou-Self, Inc., is concerned, Guilbeaux was merely a shareholder with no employment duties or responsibilities. The statutory scheme will not shelter Guilbeaux just because he is the owner-lessor of the building where the restaurant is operated.
In the case of Certain v. Equitable Equipment Co., 453 So.2d 292 (La.App. 4th Cir.1984), Judge Gullotta raises the hypothetical example of a private investor who owns shares in a corporation and who injures a corporate employee in an automobile collision with the employee's delivery truck on company business. Judge Gullotta says:
The investor, who has unrelated employment, could not raise his stock ownership as a shield to the injured employee's tort action against him, since the investor was not engaged in the normal course and scope of the corporation's employment at the time of the accident.
We think this hypothetical example is appropriate. Guilbeaux's tort, if any is ever proved, was the violation of his obligations as owner of a building in ruin. Guilbeaux's ownership of the building where the restaurant was operated and where the accident happened, and his lease of that building to Bayou-Self, Inc., cannot be regarded as placing him in the normal course and scope of the corporation's employment at the time of the accident. His employment by a separate corporation, whose function was the furnishing of administrative services and bookkeeping services to a number of corporations besides Bayou-Self, Inc., and perhaps to numerous other business ventures, including investments in real estate, a number of lounges and restaurants, and an Arabian horse ranch, can likewise hardly be construed as putting Guilbeaux in the normal course and scope of the Restaurant's employment at the time of the accident.
For these reasons, the summary judgment in favor of Guilbeaux is reversed, and the case is remanded to the district court for further proceedings. Costs of this appeal will be paid by Guilbeaux.
REVERSED AND REMANDED.
LABORDE, J., concurs in the result.