887 So.2d 490 (2004)
Joseph Lubin JEWELL and Lee Jewell
v.
Reginald HAIRE.
No. 2003 CA 1825.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Lonny E. Guidroz, New Roads, for Plaintiffs-Appellees Joseph Lubin Jewell and Lee Jewell.
John W. Perry, Jr., Robert J. Burns, Jr., Baton Rouge, for Defendants-Appellants Reginald Brian Haire and Allstate Insurance Co.
Michael L. Hyman, Baton Rouge, for Intervenors-Appellees R.B. Haire Construction Co., Inc. and Louisiana United Businesses Association Self-Insurers Fund.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
*491 PETTIGREW, J.
This is an action in tort for personal injuries sustained by plaintiff while in the course and scope of his employment with R.B. Haire Construction Company, Inc. on property owned by defendant Reginald B. Haire, individually. From a trial court judgment in favor of plaintiff, defendant and his homeowner's insurer have appealed.

FACTS
Joseph Lubin Jewell ("Mr.Jewell") was working as a general laborer for R.B. Haire Construction Company, Inc. ("Haire Construction"), a utility contractor engaged in the laying of water, gas, and sewer lines, primarily for municipalities. Haire Construction is owned by Lena Haire, the wife of Reginald Brian Haire ("Mr.Haire"); and Mr. Haire is an employee of the company.
On January 5, 2000, Mr. Jewell was directed by his supervisor, Mr. Haire, to clean out a maintenance shop that was part of the business of Haire Construction, situated on property that Mr. Haire owned personally and located adjacent to Mr. Haire's residence at 9024 Bueche Road, Bueche, Louisiana. At the trial of this matter, Mr. Jewell testified that prior to the accident he was "instructed to go through some lumber and pick out the good lumber and to  we needed to know our inventory on what kind of materials we needed for the next job." Mr. Jewell added "the lumber that ... was not appropriate for the job, I put in a burn pile." In response to questioning by his attorney, Mr. Jewell further testified:
A. So, when I finished that project, I went back inside and the bags and the nail boxes was [sic] in a barrel. So, I took them out, and I had started this fire like 7:30 in the morning and it had burned out. So, I told [a co-worker], I am going to burn these bags up, and we can go  it was knocking off time. We was [sic] fixing to leave.
Q. So, what time was it?
A. It was approximately three o'clock in the evening. And, when I went out and put the bags on it, and around the edge was some ends of burnt off boards. So, I put them on top of it, and I lit a paper bag, walked off from it, and stopped to light a cigarette, and I heard a boom. And, when I looked up, I saw a black ball of ashes, and then I saw the fire. And I had just enough time to throw my hands up. And, that's when it all began. And they had a canal in back of the burn pile. And, naturally, when you're on fire, you run for water. And I went down the embankment. I mean, and the fire and the heat stopped, so 
As a result of the aforementioned incident, Mr. Jewell claimed to have sustained injuries to his hands, forearm, and elbow. The extent of the damages sustained by Mr. Jewell is not disputed.

ACTION OF THE TRIAL COURT
Mr. Jewell and his wife, Lee Jewell, instituted suit against Mr. Haire on June 21, 2000, alleging liability based in tort under theories of general negligence and premises liability.
On October 23, 2000, Mr. Haire filed a Motion for Summary Judgment claiming there existed no genuine issue of material fact in dispute and that he was entitled to a dismissal as a matter of law. Specifically, Mr. Haire argued that La. R.S. 23:1032 barred recovery by Mr. Jewell in tort, and that his exclusive remedy was workers' compensation. Following a hearing, the trial court denied Mr. Haire's Motion for Summary Judgment on November 20, 2000. Mr. Haire's subsequent application *492 seeking a writ from this court was also denied.[1]
On January 5, 2001, Louisiana United Businesses Association Self-Insurers Fund ("LUBA") and Haire Construction filed a Petition for Intervention naming Mr. Jewell and Mr. Haire as defendants-in-intervention. Mr. Jewell filed a First Supplemental and Amending Petition on October 1, 2002, and named Mr. Haire's homeowner's insurer, Allstate Insurance Company ("Alistate") as an additional defendant in this matter.
This matter was later tried by bench trial on April 4, 2003. Prior to trial, the parties stipulated that Mr. Jewell was in the course and scope of his employment at the time of the incident, and that his damages did not exceed $50,000.00. At the conclusion of the trial, the trial court found in favor of Mr. Jewell and against Mr. Haire and Allstate. The trial court awarded Mr. Jewell the sum of $50,000.00, together with interest and costs for the damages he sustained. From this judgment, Mr. Haire and Allstate have appealed.

ISSUE PRESENTED FOR REVIEW
In connection with his appeal in this matter, Mr. Haire presents the following issue for review and consideration by this court:
1. Whether or not Mr. Jewell is limited to the exclusive remedy of workers' compensation with respect to the damages he sustained in connection with the January 5, 2000 incident.

STANDARD OF REVIEW
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). If the trial court or jury findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

DISCUSSION
This is a case arising out of a work-related injury. Mr. Jewell has alleged that while in the course and scope of his employment with Haire Construction, he was injured. It is well settled that workers' compensation is an employees' exclusive remedy against a fellow worker. La. R.S. 23:1032.
Seeking to avoid the exclusive remedy set forth in La. R.S.23:1032, Mr. Jewell relies on a theory of "dual capacity." Mr. Jewell contends that at the time of the incident, Mr. Haire was functioning not only as a co-employee, but in the dual capacity of a homeowner who was liable for defects in his premises. Mr. Haire asserts that because Mr. Jewell was an employee in the course and scope of his employment at the time of the incident, he is precluded from suing in tort for a work-related accident.
Earlier, in connection with its review of a medical malpractice action, the Louisiana Supreme Court adopted the "dual capacity doctrine." In Ducote v. Albert, 521 So.2d 399 (La.1988), the court held that under *493 the circumstances set forth in that case, the workers' compensation statute did not insulate a company doctor from liability based in tort because the doctor functioned simultaneously in two roles, each carrying a different set of legal obligations. While noting that the company doctor exhibited characteristics common to both a fellow employee and a medical professional, the supreme court ruled that the doctor was amenable to suit in tort based upon his "dual capacity" as an independent contractor. Ducote, 521 So.2d at 400.
In response to the Ducote decision, the legislature amended La. R.S. 23:1032 pursuant to Acts 1989, No. 454, § 2, effective January 1, 1990, to provide that the workers' compensation remedy is exclusive of all claims that might arise against the employer or any employee of such employer under any dual capacity theory or doctrine, effectively overruling the supreme court's decision in Ducote. Louisiana Revised Statute 23:1032(A)(1)(b) presently provides:
This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
As this court subsequently noted in Menson v. Taylor, 99-0300 (La.App. 1 Cir. 4/17/00), 764 So.2d 1079, writ denied, 00-2685 (La.11/17/00), 774 So.2d 983,
There are two exceptions to this rule. The first is for injuries occasioned by the intentional act of the fellow employee. The second exception involves injuries that occur outside the course and scope of the employment. Thus, although La. R.S. 23:1032 provides for tort immunity to a co-employee of an injured employee, an employee may seek tort recovery from a co-employee who willfully caused the employee's injuries, or who was not engaged in the normal course and scope of his employment at the time of the injury. [Citations omitted]
The course of employment test refers to time and place, while the scope of employment test examines the employment related risk of injury.
Menson v. Taylor, 99-0300 at 7, 764 So.2d at 1083.
The aforementioned exceptions are set forth in La. R.S. 23:1032(B) and (C)(1) and refer to the normal course and scope of the co-employee's employment vis-à-vis the business of the employer. See Scott v. Pontchartrain Materials Corporation, 98-1611, p. 5 (La.App. 4 Cir. 8/12/98), 717 So.2d 682, 685, writ denied, 98-2398 (La.11/20/98), 729 So.2d 555. That is, for the immunity to apply to a co-employee, he must have been engaged at the time of the injury in the normal course and scope of the employer's business. Id.
As we have noted, the parties stipulated prior to trial that Mr. Jewell was in the course and scope of his employment at the time he was injured. Mr. Jewell's exclusive remedy against Mr. Haire would be limited to workers' compensation unless at the time of his injury, Mr. Haire was not engaged in the normal course and scope of his employer's business.
In his pre-trial deposition, Mr. Haire testified that on the date of Mr. Jewell's injury,
A. Well, I was called  I was on the job in Lafayette. My wife called me and said that [Mr. Jewell] had  a can blew up in a fire that he had built.
THE COURT REPORTER: In a what?
A. In a fire that he had built behind our shop. And we were videoing a job in Lafayette and I came straight home. It took about an hour and twenty minutes. *494 When I got there he was there. And, I asked him what happened. And I believe Lena had already took [sic] him to the hospital in New Roads and he had some paint on his arm, and a little bit on his face.
It is clear that at the time of Mr. Jewell's injury, Mr. Haire was engaged in the normal course and scope of the business of his employer. Further, it was clear the maintenance shop was part of the business of Haire Construction. He is therefore entitled to the immunity afforded by La. R.S. 23:1032, and Mr. Jewell's remedy against Mr. Haire is restricted to workers' compensation. The trial court was manifestly erroneous in holding otherwise.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court that awarded Mr. Jewell the sum of $50,000.00 together with interest and costs is hereby reversed. All costs of this appeal are assessed against plaintiffs, Joseph Lubin Jewell and Lee Jewell.
REVERSED AND RENDERED.
NOTES
[1] Jewell v. Haire, 00-CW-2935 (La.App. 1 Cir. 5/4/2001) (unpublished writ action).