# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 04-1564


DIANNE BATES

VERSUS

ROBERT C. KING, ET AL.


************

SUPERVISORY WRITS FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 214,433,
HONORABLE B. C. BENNETT, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**WRIT GRANTED AND MADE PEREMPTORY;
REMANDED WITH INSTRUCTIONS.**


Daniel E. Broussard, Jr.
Broussard, Bolton, Halcomb & Vizzier
Post Office Box 1311
Alexandria, Louisiana 71309-1311
(318) 487-4589
Counsel for Plaintiff/Respondent:
   Dianne Bates

Mary M. Hamilton
Voorhies & Labbé
Post Office Box 3527
Lafayette, Louisiana 70502
(337) 232-9700
Counsel for Defendant/Applicant:
   Robert C. King
   Jana Cole King

**Anna Maria Sparke Keele**
**Attorney at Law**
**333 Texas Street, Suite 2121**
**Shreveport, Louisiana 71101**
**(318) 629-2900**
**Counsel for Intervenor:**
      **Louisiana Restaurant Association**

SULLIVAN, Judge.

Robert C. King and Jana Cole King (the Kings), who are officers, shareholders, and employees of Pitt Grill, Inc. (Pitt Grill), seek supervisory writs from the trial court's denial of their motion for summary judgment in which they asserted the immunity of La.R.S. 23:1032 to the tort claims of Dianne Bates, a Pitt Grill employee who was injured in the course and scope of her employment. In an unpublished ruling, this court ordered the matter set for briefing, argument, and opinion. *Bates v. King*, CW-04-1564 (La.App. 3 Cir. 3/1/05). For the following reasons, we grant the writ and remand the case to the trial court for entry of judgment consistent with this opinion.

**Facts and Procedural History**

On September 10, 2002, Ms. Bates slipped and fell while working as a waitress at a Pitt Grill restaurant in Alexandria, Louisiana. She sued the Kings, as owners of the building, and Pitt Grill, as their lessee, alleging that a defect in the roof allowed water to accumulate in the kitchen area where the accident occurred. This court affirmed the dismissal of Pitt Grill on an exception of no cause of action in *Bates v. King*, 04-1591 (La.App. 3 Cir. 4/6/05), 899 So.2d 202.

The Kings then filed this motion for summary judgment, arguing that, as officers of Pitt Grill, they are immune from tort liability under La.R.S. 23:1032. In support of their motion, they attached their individual affidavits, in which they state that their primary occupation is serving as officers of Pitt Grill. In opposition, Ms. Bates introduced depositions and tax records showing that the Kings have other business interests.

At the hearing on the motion for summary judgment, the trial court stated that "I have no doubt that . . . as employees of Pitt Grill, that they have an immunity. As

lessors of the building, I have a different opinion." The trial court then denied the motion, stating in part:

> *This has nothing to do with employment.* This has to do with two people . . . who leased the building to a corporation, a separate entity. The fact that they're . . . shareholders of the corporation is just incidental. . . . *[T]he essential point in this case, is the capacity in which the defendants are being sued and that is, in their capacity as lessor and owner of the building.*

(Emphasis added.)

In their writ application, the Kings argue one assignment of error: "Whether Louisiana law allows an employee to maintain a suit in tort against shareholders, officers or employees of her employer who are in the normal course of their employment at the time of the accident under the dual capacity doctrine."

## Opinion

*Summary Judgment*

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment procedure is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

*Dual Capacity Doctrine*

The trial court's comments regarding the Kings being sued "in their capacity as lessor and owner of the building" indicate that its ruling was based upon the "dual capacity doctrine." BLACK'S LAW DICTIONARY 514 (7th ed. 1999) defines that doctrine as "[t]he principle that makes an employer—who is normally shielded from tort liability by workers'-compensation laws—liable in tort to an employee if the employer and employee stand in a secondary relationship that confers independent obligations on the employer." Application of the "dual capacity doctrine" is clearly prohibited by La.R.S. 23:1032(A)(1)(b) (emphasis added), which provides: "This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any *officer, director, stockholder, partner, or employee* of such employer or principal *under any dual capacity theory or doctrine*." In *Jewell v. Haire*, 03-1825, p. 5 (La.App. 1 Cir. 9/17/04), 887 So.2d 490, 492-93 (emphasis added), the court explained how Louisiana repudiated the "dual capacity doctrine" as follows:

> Earlier, in connection with its review of a medical malpractice action, the Louisiana Supreme Court adopted the "dual capacity doctrine." In *Ducote v. Albert*, 521 So.2d 399 (La.1988), the court held that under the circumstances set forth in that case, the workers' compensation statute did not insulate a company doctor from liability based in tort *because the doctor functioned simultaneously in two roles*, each carrying a different set of legal obligations. While noting that the company doctor exhibited characteristics common to both a fellow employee and a medical professional, the supreme court ruled that the doctor was amenable to suit in tort based upon his "dual capacity" as an independent contractor. *Ducote*, 521 So.2d at 400.
>
> In response to the Ducote decision, the legislature amended La.R.S. 23:1032 [adding paragraph (A)(1)(b) quoted above] pursuant to Acts 1989, No. 454, § 2, effective January 1, 1990, to provide that the workers' compensation remedy is exclusive of all claims that might arise against the employer or any employee of such employer under any dual

3

capacity theory or doctrine, effectively overruling the supreme court's decision in Ducote.

Hence, by focusing on the Kings' capacity as owners and lessors of the building as opposed to their employment with Pitt Grill, the trial court applied an incorrect analysis. The trial court should have considered whether the Kings, as officers and employees of Pitt Grill, met the requirements of the immunity provided in La.R.S. 23:1032(A)(1)(a), subject to its limitations in La.R.S. 23:1032(C)(1) and (2).

*Tort Immunity*

Louisiana Revised Statutes 23:1032(A)(1)(a) (emphasis added) provides:

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, *shall be exclusive of all other rights, remedies, and claims for damages*, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, *as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease*.

This grant of immunity is subject to two exceptions found in La.R.S. 23:1032(C). Only the first of those exceptions, at La.R.S. 23:1032(C)(1) (emphasis added), is pertinent here:

> C. The immunity from civil liability provided by this Section shall not extend to:

> (1) Any officer, director, stockholder, partner, or employee of such employer or principal *who is not engaged at the time of the injury in the normal course and scope of his employment*; . . . .

In *Scott v. Pontchartrain Materials Corp.*, 98-1611, p. 5 (La.App. 4 Cir. 8/12/98), 717 So.2d 682, 685, *writ denied*, 98-2398 (La. 11/20/98), 729 So.2d 555

4

(emphasis added), the court explained that "for the immunity to apply to the officer/stockholder, he must have been engaged at the time of the injury in the normal course and scope of *the employer's* business." The court further explained that the question posed is "whether or not the officer or stockholder is *regularly engaged in such employment*." *Id.* at 686 (emphasis added).

The plaintiff in the present case, Ms. Bates, is employed by Pitt Grill, Inc., a corporation that operates five restaurants and has approximately 200 employees. The Kings are both officers and employees of the corporation. In his deposition, Mr. King testified that his occupation and the primary source of his income is serving as president of Pitt Grill, a position that he has held for thirty-five to forty years. He described his duties as supervising his managers as to the cleanliness, menus, and preparation in each restaurant. According to Mr. King, he visits the Alexandria location, where this accident occurred, approximately once a week, while he goes to the restaurants in Lake Charles "much more frequent[ly]." Ernest Means, the manager of the Alexandria restaurant, testified that he considers Mr. King to be his boss. Mrs. King, who is secretary/treasurer and vice-president of Pitt Grill, testified that, although she does not personally go to the Alexandria restaurant, she signs checks, plans menus and recipes, redecorates the restaurants, and checks on the consistency of food preparation. At the hearing on the motion for summary judgment, the trial court agreed with defense counsel's statement that the Kings "are both actively engaged in the business of Pitt Grill," but denied the motion on other grounds, as discussed above.

Ms. Bates argues that genuine issues of material fact exist as to whether the Kings were engaged in the normal course and scope of their employment with Pitt

5

Grill at the time of the injury because the Kings are not involved in the daily affairs of the restaurants and because they admittedly have other business interests. Mr. King testified that he operates a truck stop through another corporation, P. G.'s Diner, Inc.; that he is the president of Spring Mountain Water, Inc., a bottled water company; and that he owns Alpha Phones, a pay telephone company. Mrs. King testified that she is also an officer in these corporations. In support of this argument, Ms. Bates cites two cases in which the owners of buildings operated as restaurants were denied the immunity of La.R.S. 23:1032.

In *Cormier v. Guilbeaux*, 547 So.2d 17 (La.App. 3 Cir), *writ denied*, 551 So.2d 633 (La.1989), the defendant personally owned the building in which a restaurant employee was injured and he was a major stockholder of the employer-corporation that operated the restaurant; however, he was not an employee of the corporation and there was no evidence that he "performed any duties or employment with respect to the operation of the restaurant." *Id.* at 19. His claim of immunity under La.R.S. 23:1032 was denied because the evidence on summary judgment showed that he "was merely a shareholder with no employment duties or responsibilities." *Cormier*, 547 So.2d at 19.[1]

In *Burton v. Berthelot*, 567 So.2d 649 (La.App. 4 Cir.), *writ denied*, 569 So.2d 989 (La.1990), the defendant, a general contractor, constructed the building at issue then leased it as a restaurant to his solely-owned corporation, which hired the plaintiff to manage the business. The court identified the "narrow issue" in the case as

---

[1]The defendant in *Cormier*, 547 So.2d 17, provided administrative services to the restaurant and to his many other businesses through yet another corporation. In his affidavit, he stated that his livelihood was derived from "numerous business ventures, including investments in real estate, ownership and operation of a number lounges and restaurants, and ownership and operation of an Arabian horse ranch." *Id.* at 17. This prompted the court to conclude: "Guilbeaux was not in the restaurant business. He was in the investment business. His corporations were in the restaurant business." *Id.* at 19.

"whether [the defendant] *was in the restaurant business* at the time of plaintiff's injury." *Id.* at 655 (emphasis added). In determining that the defendant was not, the court stated:

> [The defendant] was a contractor who borrowed money to invest in a restaurant. His interest in the restaurant was purely as an investor, not a restauranteur. He did not participate in the day-to-day management and operation of the restaurant. He was not engaged in the normal course and scope of the restaurant business at the time of plaintiff's injury and thus, is not entitled to the immunity provided by La.R.S. 23:1032 for stockholders, officers and directors of a corporate employer.

*Id.*

Unlike the defendants in *Cormier* and *Burton*, the Kings have established themselves as restauranteurs. The record demonstrates that they actively participate in Pitt Grill's business, which is the operation of five restaurants, not only the one restaurant in which Ms. Bates was injured. Although the Kings have delegated the day-to-day affairs of each restaurant to managers, Mr. King supervises those managers and Mrs. King plans the menus and recipes, signs checks, and redecorates the restaurants. Their tax return for 2002, which includes W-2s issued to both of them from Pitt Grill, substantiates their claim that their employment with Pitt Grill was their primary occupation at the time of Ms. Bates' injury. Under these circumstances, we do not find that the Kings' participation in other businesses automatically precludes the immunity in La.R.S. 23:1032. Furthermore, we find that the facts on summary judgment are not in dispute; the parties have simply offered differing interpretations of the statutes and jurisprudence. On the record before us, we find that the Kings have clearly demonstrated that they were engaged in the normal course and scope of their employment with Pitt Grill at the time of Ms. Bates'

7

injury.  Accordingly, summary judgment should have been granted recognizing their entitlement to the immunity of La.R.S. 23:1032.

## Decree

For the above reasons, the trial court's denial of summary judgment is reversed, and the matter is remanded for entry of judgment consistent with this opinion.

**WRIT GRANTED AND MADE PEREMPTORY; REMANDED WITH INSTRUCTIONS.**