# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-51

RODNEY CHAMPAGNE, II
AND WIFE, NICOLE CHAMPAGE, BOTH
INDIVIDUALLY AND ON BEHALF OF
ELIZABETH NICOLE CHAMPAGNE

VERSUS

AMERICAN ALTERNATIVE INSURANCE
CORPORATION, SMEAL FIRE APPARATUS CO.,
WATEROUS COMPANY, LAFAYETTE
CONSOLIDATED GOVERNMENT, LAFAYETTE
PARISH FIRE PROTECTION ASSOCIATION,
AND DANIEL LAVERGNE

**********

WRIT APPLICATION FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2011-3616-F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

Saunders, Judge, dissents and assigns written reasons.

**AFFIRMED.**

**Hal J. Broussard**
**Ped C. Kay, III**
**Broussard & Kay LLC**
**557 Jefferson Street**
**Lafayette, LA 70502**
**COUNSEL FOR PLAINTIFFS/RESPONDANTS:**
  **Rodney Champagne, II, and Nicole Champagne, both individually and on behalf of Elizabeth Nicole Champagne**

**Lawrence N. Curtis**
**Lawrence N. Curtis, Ltd.**
**P.O. Box 80247**
**Lafayette, LA  70598-0247**
**COUNSEL FOR PLAINTIFFS/RESPONDANTS:**
    **Rodney Champagne, II, and Nicole Champagne, both individually and on behalf of Elizabeth Nicole Champagne**

**Henry D.H. Olinde, Jr.**
**Drew Bernard**
**Olinde & Mercer, LLC**
**8562 Jefferson Hwy., Ste. B**
**Baton Rouge, LA  70809-2230**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Daniel Lavergne and American Alternative Insurance Corporation**

**PAINTER, Judge.**

Defendants, Daniel Lavergne (Lavergne) and American Alternative Insurance Corporation (AAIC), filed this writ application seeking review of the trial court's denial of their motion for summary judgment. After due consideration, for the reasons set forth below, we deny the writ application and affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

This case arises out of an alleged work-related injury incurring on or about June 28, 2010. Plaintiff, Rodney Champagne (Champagne), was a volunteer firefighter for the Duson Volunteer Fire Department (DVFD), and, on the date at issue, he was involved in testing the fire hoses on a pumper truck designated as Engine No. 46. Champagne alleges that there was a hose wall blow out that caused the hose to strike him in the head, causing a skull fracture and permanent mental injuries.

Champagne and his wife filed a tort suit, individually and on behalf of their minor child, against the manufacturer of Engine No. 46, Smeal Fire Apparatus Co.; the manufacturer of the centrifugal fire pump, Waterous Co.; Lafayette Consolidated Government; Lafayette Parish Fire Protection Association; a fellow volunteer, Lavergne; and Lavergne's insurer, AAIC. Lavergne and AAIC filed a motion for summary judgment asserting that Lavergne is immune from tort liability under the Louisiana Workers' Compensation Act because he is a co-employee. Plaintiffs filed a cross-motion for summary judgment regarding insurance coverage by AAIC. The trial court denied summary judgment to Lavergne and AAIC but granted Plaintiffs' motion, in part, only insofar as Plaintiffs sought a determination that AAIC provided primary insurance coverage to Lavergne. Lavergne and AAIC sought writs from this court.

## DISCUSSION

This writ application presents an issue of first impression: Whether the Louisiana Workers' Compensation Act, specifically La.R.S. 23:1032 and 23:1036, provides tort immunity to a co-volunteer firefighter.

The standard of review applicable to motions for summary judgment is well established: "Appellate courts review a trial court's grant or denial of a motion for summary judgment using the *de novo* standard of review, under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate in any given case." *Boykin v. PPG Indus., Inc.*, 08-117, p. 4 (La.App. 3 Cir. 6/18/08), 987 So.2d 838, 842, *writs denied*, 08-1635 and 08-1640 (La. 10/31/08) 994 So.2d 537 (citing *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226).

This case presents a purely legal question involving statutory interpretation. Defendants contend that Lavergne is immune from tort liability by operation of the Louisiana Workers' Compensation Act, specifically La.R.S. 23:1036 regarding volunteer firefighters. Defendants contend that this statute wholly incorporates La.R.S. 23:1032.

Louisiana Revised Statutes 23:1036(A) provides:

> It is hereby declared by the Legislature of Louisiana that the fire prevention and suppression services provided by volunteer fire companies are vital to the protection of the safety of the citizens of the state. This Section is intended to present the state fire marshal with a means by which he shall provide workers' compensation coverage to volunteer members of fire companies. The remedies provided herein shall constitute the exclusive remedy of the volunteer member against the fire company as provided in R.S. 23:1032.

Louisiana Revised Statutes 23:1032(A)(1)(a) provides:

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are

2

created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

It is clear that La.R.S. 23:1032 extends tort immunity to co-employees. Defendants point out that there is an internal inconsistency in the last sentence of La.R.S. 23:1036 in that the first part of the sentence seems to limit the exclusivity of the immunity only to the volunteer fire company. Defendants assert that the last phrase expressly incorporates the statutory provision that makes workers' compensation the exclusive remedy for both an employee's claim against the employer and the employee's claim against a fellow employee.

Defendants urge us to examine the legislative intent behind the statute at issue and assert that the intent of La.R.S. 23:1036 was to protect both the volunteer fire companies and their members from tort liability. Defendants argue that taking the legislative intent and grafting it onto La.R.S. 23:1032 results in the substitution of "volunteer member" for employee such that a volunteer member of a fire company has his exclusive remedy, including his claim against another volunteer, in workers' compensation. Defendants further urge that policy considerations dictate that La.R.S. 23:1036 must protect a co-volunteer firefighter like Lavergne because to extend workers' compensation immunity to co-employees protects the employer in that allowing co-employees to sue each other in tort would circumvent employer immunity because, in reality, it would be the employer who would pay for such suits.

Plaintiffs, in opposition to Defendants' assertions, aver that a simple reading of La.R.S. 23:1036 reveals that there is no statutory basis for Defendants' proposition that volunteer firefighters are granted immunity from tort. Plaintiffs further argue that La.R.S. 23:1036 does not incorporate the whole of La.R.S. 23:1032 but instead expressly only extends immunity to the fire company itself. Plaintiffs assert that had

3

the legislature intended to provide immunity to both the fire company and its volunteer members, it could have simply so stated in the statute.

The trial court agreed with Plaintiffs and applied strict construction. In denying Defendants' motion for summary judgment, the trial court stated that the:

> clear language of R.S. 23:1036(A) specifically limits the remedy of a volunteer member to worker compensation benefits against the 'fire company' only. LSA R.S. 23:1036(A) is self-limiting and cannot be extended to eliminate a volunteer member's cause of action in tort against another volunteer member, even with its reference to R.S. 23:1032. While it may have been the Legislature's intention to further restrict volunteer members' claims, this court cannot create such a restriction by, in effect, adding language to the above-cited statute."

We recognize that the trial court applied a basic and well-settled principle of statutory construction in resolving an issue of law: "words of a law must be given their generally prevailing meaning." La.Civ.Code art. 11. Moreover,

> It is true that where statutes are clear and unambiguous[,] no interpretation thereof may be attempted by the courts. The letter may not be abandoned in an effort to pursue the spirit. But if, as a consequence of following the letter of the law, an absurd result is reached, then it is the duty of courts to seek out the motive which prompted the enactment. . . Further, the Louisiana legislature has recognized that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9.

*Sherwood Forest Country Club v. Litchfield*, 08-194, pp. 8-9 (La. 12/19/08), 998 So.2d 56, 62.

We recognize that this may make members of the community reluctant to act as volunteers at their local department; however, this issue should be addressed by the legislature.

After our de novo review of the record, we can find no error in the trial court's ruling.

**DECREE**

For the foregoing reasons, we find no error in the trial court's denial of Defendant's motion for summary judgment. We cannot say that the trial court erred in relying upon the specific language of the statute, and we affirm its judgment. All costs of this appeal are assessed to Defendants, Lavergne and AAIC.

**AFFIRMED.**

**RODNEY CHAMPAGNE, II, ET AL.**

**v.**

**AMERICAN ALTERNATIVE INSURANCE CORPORATION, ET AL.**

**SAUNDERS, Judge, dissents and assigns written reasons.**

In my view, La.R.S. 23:1036(A) and 23:1032(A)(1) must be read together. Thus, they have the effect of not only granting workers' compensation coverage to volunteer fire fighters, but also shielding them from tort liability for their actions in the course and scope of their work as volunteer firefighters.