THERIOT, J.
|2The plaintiff-appellant, Bruce Schmit, Jr., individually and on behalf of his minor daughters, Samantha M.' Schmit and Bailey A. Schmit, appeals the trial court’s ruling on opposing motions- for summary judgment rendered in favor of the defendants-appellees, Setfried Tjitandi,[1] Qualified Cable Contractor, LLC (“Qualified”), and Progressive Insurance Company (“Progressive”). For the following reasons, we reverse in part, affirm in part, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 20, 2014, Mr. Schmit was involved in an automobile accident that occurred during the course and scope of his employment with Cable Marketing Installations, Inc. (“CMI”). Mr. Schmit sustained significant bodily injuries after being struck by a 2005 Chevrolet Express van that was owned by Qualified, insured by Progressive, and driven by Mr. Tjitan-di. Thereafter, on February 9, 2015, Mr. Schmit filed a tort action seeking damages against the defendants. Mr. Schmit claimed that the accident was caused by the negligence of Mr. Tjitandi, whom he alleged failed to follow the proper procedure of circling the van to ensure there were no equipment or other hazards out *155 side of his line of site. Mr. Schmit further asserted that Mr. Tjitandi was an employee of Qualified acting within the course and scope of his employment with Qualified at the time of the accident; Mr. Schmit therefore claimed that Qualified and its liability insurer, Progressive, should be held vicariously liable to him.
On April 27, 2015, the defendants answered Mr. Schmit’s petition for damages and raised several affirmative defenses thereto, including, in pertinent part, the affirmative defense of “injury by fellow servant.”
|sOn January 27, 2016, following certain pre-trial matters not at issue on appeal, Mr. Schmit filed a motion for partial summary judgment against the defendants. Mr. Schmit claimed that there were -no genuine issues of material fact and that he was entitled to judgment as a matter of law with respect to the issue of the defendants’ affirmative defense of injury by fellow servant, which Mr. Schmit styled as the “borrowed employee” defense. In support of his motion for partial summary judgment, Mr. Schmit argued that Mr. Tjitandi was employed by Qualified at the time of the accident and was not an employee or borrowed employee of CMI.
On March 14, 2016, the defendants filed a cross-motion for summary judgment and opposition to' Mr. Schmit’s motion for partial summary judgment, seeking a judgment declaring the Louisiana Workers’ Compensation Act (“LWCA”), La. R.S. 23:1020.1, et seq., to be the exclusive remedy available to Mr. Schmit. In their memorandum in support of their motion for summary judgment, the defendants specifically stressed that they had not claimed, and were not claiming, that Mr. Tjitandi was a borrowed employee of CMI. Rather, the defendants submitted that Mr. Tjitandi was a “full on employee” of CMI operating within the course and scope of his employment at the time of accident in accordance with the factors set forth in Hickman v. Southern Pacific Transport Co., 262 La, 102, 262 So.2d 385 (1972). Mr. Schmit opposed the defendants’ cross-motion for summary judgment.
On June 20, 2016, the opposing motions for summary judgment came before the trial court for a hearing. In open court, the trial court orally denied Mr. Schmit’s motion for partial summary judgment and granted the defendants’ cross-motion for summary judgment. Thereafter, on. July 25, 2016, the trial court signed a final judgment denying Mr. • Schmit’s motion 14for partial summary judgment, granting the defendants’ cross-motion for summary judgment, and ordering the dismissal of all of Mr. Schmit’s claims with prejudice. Mr. Schmit appeals.
ASSIGNMENTS OF ERROR
Mr. Schmit does not present numbered assignments of error in brief, but nevertheless specifies, in paragraph form, the following issues for our appellate review: 1) the trial court erred in denying his motion for partial summary judgment as to the affirmative defense of. injury by a fellow servant being inapplicable and irrelevant; 2) the trial court erred in granting the defendants’ motion for summary judgment dismissing his claims in light of the deposition testimony and affidavits demonstrating that Mr. Tjitandi was ah employee of Qualified and not CMI; and 3) in the alternative, the trial court erred in granting the defendants’ motion for summary judgment dismissing his claims in light of the deposition testimony and affidavits demonstrating that there are material issues of fact as to Mr. Tjitandi’s employment status.
STANDARD OF REVIEW
In our review of the trial court’s ruling on the opposing motions for summary *156 judgment,[2] we use the same criteria that govern- the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. See Supreme Services & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La. 6/22/07), 958 So.2d 634, 638. Because it is the substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law ^applicable to the case. See Smith v. Berteau, 98-1438 (La.App. 1 Cir. 6/26/99), 739 So.2d 269, 272.
DISCUSSION
Mr. Schmit disputes the correctness of the trial court’s ruling on the opposing motions for summary judgment. Initially, we note that the determinative issue set forth in the opposing motions for summary judgment concerns the nature of the relationship between Mr. Tjitandi and Mr. Schmit at the time of the accident on August 20, 2014. More particularly, notwithstanding Mr. Schmit’s arguments' relative to the issue of the borrowed employee defense, in light of the judicial admission of the defendants in their motion for summary judgment, the singular question presented on appeal is whether the trial court correctly determined that the defendants were entitled to judgment as a matter of law declaring Mr. Tjitandi to be an employee of CMI, and, therefore, a co-employee of Mr. Schmit entitled to tort immunity under the LWCA.
Generally speaking, an employee who is injured in an accident while in the course and scope of his employment is limited to' the recovery of workers’ compensation benefits as per the following provisions of the LWCA:
A. (l)(a) Except for intentional acts ... the rights and remedies herein granted to an employee or his dependent on account of an injury, or compen-sable sickness or disease for which he is entitled to compensation under [the LWCA], shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless, such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
L(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer ... or employee of such employer ... under any dual capacity theory or doctrine.
La. R.S. 23:1032 (emphasis added). Thus, it is well-settled that workers’ compensation is an employee’s exclusive remedy against his fellow worker and that the law extends tort immunity to co-employees. See Jewell v. Haire, 03-1826 (La.App. 1 Cir. 9/17/04), 887 So.2d 490, 492; Champagne v. Am. Alt. Ins. Corp,, 12-51 (La.App. 3 Cir. 6/20/12), 94 So.3d 960, 962, aff'd, 12-1697 (La. 3/19/13), 112 So.3d 179.
The distinction between an employee and an independent contractor for *157 purposes of workers’ compensation is a factual determination that must be made on a case-by-case basis. Mullen v. R.A.M. Enterprises, 02-1157 (La.App. 1 Cir. 3/28/03), 844 So.2d 376, 378 (citing Tower Credit, Inc. v. Carpenter, 01-2875 (La. 9/4/02), 825 So.2d 1125, 1129). In Hickman, 262 So.2d at 390-91, the Louisiana Supreme Court found that the following factors to be relevant in determining whether the relationship of principal and independent contractor exists: 1) there is a valid contract between the parties; 2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; 3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; 4) there is a specific price for the overall undertaking agreed upon; and 5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. In other words, to determine whether someone is an employee or an independent contractor, the court should |7examine the degree of control over the work. See Bouquet v. Williams, 16-0134 (La.App. 1 Cir. 10/28/16), 206 So.3d 232, 237, writs denied, 16-2077 and 16-2082 (La. 1/9/17), 214 So.3d 870 and 214 So.3d 871.
In the case at bar, the uncontested evidence admitted for purposes of the motions for summary judgment establishes that Mr. Tjitandi was first hired by Qualified in April or May of 2013. In or around this same time period, CMI entered into a contract with a third-party, Charter Communications, to provide technician services for the installation and repair of cable systems. In order to fulfill its obligations under that initial contract with Charter Communications, on October 8, 2013, CMI entered into a subcontractor agreement with Qualified (“the CMI/Qualified contract”). Mr. Tjitandi was working as a field technician with Mr. Schmit, a direct employee of CMI, pursuant to the terms of the CMI/Qualified contract on the date of the accident.
Notably, however, the trial court was also presented with significant conflicting evidence on the motions for summary judgment. For example, in support of his motion for partial summary judgment, Mr. Schmit presented affidavits executed by three individuals, Mitchel Clements (an employee of CMI), Chris Mosley (an employee of CMI), and Robert J. Kellum (an employee of Qualified), all of whom attested that Mr. Tjintadi was not an employee of CMI at the time of the accident. Conversely, the defendants offered into evidence, amongst other things, an excerpt from the deposition of Mr. Tjitandi, wherein he indicated that the day-to-day operations of his employment were primarily governed and controlled by CMI and its employees, such as Mr. Schmit, whom Mr. Tjitandi testified he considered to be his supervisor.
[^Furthermore, the very terms of the CMI/Qualified contract create obvious and unresolved questions concerning which entity possessed the right to control and supervise the employees of Qualified working with CMI under the terms of the CMI/Qualified contract. Indeed, while the CMI/Qualified contract expressly identifies Qualified and its employees as “sub-contractors” and “independent contractors,” and provides that Qualified alone ⅛ responsible for the supervision of its employees, the CMI/Qualified contract also indicates that CMI may have had some degree of control over the firing of employees it found to be unsatisfactory. Specifically, Article 4 of the CMI/Qualified contract, enti- *158 tied “Rights and Obligations,” provides as follows:
SUB-CONTRACTOR [(i.e., Qualified),] agrees that in the execution of the work it will employ only such employees as CONTRACTOR [(La, CMR] deems competent .and, upon request of CONTRACTOR, will dismiss from the work such employees it may deem incompetent, careless, insubordinate, or inimical to the public interest..,.
* * *
.It is specifically agreed and understood ■between the CONTRACTOR and SUBCONTRACTOR that the' SUB-CONTRACTOR is an independent contractor as that term is legally defined. The duties and responsibilities of.the SUBCONTRACTOR are contained in this CONTRACT. The SUB-CONTRACTOR alone shall hire, fire, direct, supervise, and pay its employees. The SUBCONTRACTOR shall be wholly and solely responsible for all ... legislated responsibilities of the SUB-CONTRACTOR, as an independent contractor and employer.
In accordance with the foregoing, it is apparent that there are unresolved issues of triable fact regarding the nature of the relationship between Mr. Tjitandi and CMI; and, thus, we find that there are also disputed issues of triable fact regarding the nature of the relationship between Mr. Tjitandi and Mr. Schmit, the exclusivity of the remedies established by the LWCA, and the defendants’ affirmative defense of injury 19by fellow servant. Consequently, the trial court erred in granting the defendants’ cross-motion for summary judgment ordering the dismissal • of Mr. Schmit’s claims with prejudice.
DECREE
For the foregoing reasons, we reverse the trial court’s July 25, 2016 ruling to the extent that the trial court granted the defendants’ motion for summary judgment and ordered the dismissal of Mr. Schmit’s claims with prejudice; we affirm the trial court’s July 25, 2016 ruling to the extent that it denied Mr. Schmit’s motion for partial summary judgment;.: and we hereby remand this case to the.trial court for further proceedings. The costs of this appeal are to be assessed in equal measure to the plaintiff-appellant, Bruce ‘ Schmit, Jr., individually and on behalf of' his minor daughters, Samantha M. Schmit and Bailey A. Schmit, and the defendants-appel-lees, Setfried Tjitandi, Qualified Cable Contractor, LLC, and Progressive Insurance Company.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.

. Setfried Tjitandi's first name is incorrectly spelled "Setried” in the petition;, herein, we refer to him using the correct spelling of his name,

. Louisiana Code of Civil Procedure art. 966, regarding summary judgment, was amended and reenacted by La. Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The legal standard to be used by the courts in granting a- motion for summary judgment remains unchanged by the recent legislative amendments to Article 966. See La, C.C.P. art. 966, cmt. (b) (2015).